Demere and others vs. Scranton and others.

No. 6.—LEWIS DEMERE and others, plaintiffs in error, vs. ALEX-
ANDER SCRANTON, trustee, and others, defendants.

[1.] When the complainant or defendant refers in the bill or answer, to
proceedings which have transpired in another cause, a complete copy of the
record should be attached, as an exhibit; otherwise, they cannot be used on
the hearing.

[2.] Contributions to remove a general lien on the whole property, will not
be allowed among volunteers, where there is another fund previously liable.

[3.] Where the pleadings show assets in the hands of the executors, such
assets are first liable for the payment of all legacies.

[4.] One legatee who has recovered his legacy, and no more, cannot be called
on to contribute to a co-legatee, the executor being solvent and admitting
assets in his hands sufficient to pay the other legacy.

[5.] A residuary legatee is not liable to refund to another legatee, unless there
was an original deficiency of assets, and in cases where the payment of his
legacy would amount to a devastavit.

In Equity, in Glynn Superior Court. Decision on demurrer,
by Judge FLEMING, at Chambers, October, 1849.

Raymond Demere, Sr., by his last will, after several specific
bequests, bequeathed the residuum of his property, one moiety to
his son, Joseph Demere, and one moiety to his grand-sons, Lewis,
John and Paul Demere. (For the provisions of this will, more
fully, see 6 Ga. Rep. 102.) Joseph Demere died, leaving his
wife, Mary R., his only heir, who subsequently intermarried with
James Moore; James Moore died shortly thereafter, and Mary
R., his wife, intermarried with Alexander Scranton. By mar-
riage contract, the property of Mrs. Scranton was conveyed to
trustees, for certain uses and trusts, unnecessary to be repeated.

During the life of Joseph Demere, by order of the Court of
Ordinary, the property of Raymond Demere, deceased, was direct-
ed to be distributed among the legatees, under the will, to the ex-
clusion of John and Rose Demere, two free persons of color, to
whom a legacy and an annuity were bequeathed.

Subsequently, Lewis Demere was qualified as executor to the
will of Raymond Demere, Sr. In 1843, suit, by bill in Equity,
was commenced by John and Rose Demere, against Lewis De-
mere and John Couper, the qualified executors of Raymond
Demere, deceased, for the recovery of the legacy and annuity due

them under the will, and such proceedings were had in the premises, that in 1845, a decree was rendered in favor of complainants, against the executors, for the sum of $4,174, as well as an annuity of $75 per annum, thenceforward. By this decree, it was adjudged that the same should be a lien upon the whole estate of Raymond Demere, dec'd. Upon this decree, execution issued.

Lewis Demere, Paul Demere and John Demere, paid off and satisfied this decree, and then filed their bill against Alexander Scranton and Edwin Moore, trustees for Mary R. Scranton, and Mary R. herself, for contribution, alleging the foregoing facts; and further, that the estate of Raymond Demere had been distributed to the residuary legatees, prior to the recovery of the said decree.

To this Bill, a general demurrer was filed, and the same was heard before Judge FLEMING, at Chambers, October, 1849.

On hearing the demurrer, counsel for defendants proposed to read the record of the proceedings in the case of John and Rose Demere *vs.* the executors of Raymond Demere. Counsel for complainants objected because the same was not made an exhibit to their bill. The Court held that it might be read—being referred to in the bill in these words, " as will more at large appear, reference being had to the proceedings in said cause, of record in the Superior Court," which the Court held was sufficient to constitute the record a portion of this bill, for the purpose of reference. *This decision is excepted to, as erroneous.*

The Court sustained the demurrer and dismissed the bill; holding that the pleadings and decree in the suit between Rose and John Demere and the executors of Raymond Demere, amounted to an admission of assets in the hands of the executors ; that, therefore there should be an allegation of the *insolvency* of the executors and that Lewis Demere, one of the complainants, being one of the executors, in paying off the decree, merely discharged a *personal* liability, and consequently he had no interest to enforce for contribution, and that this want of interest in him was equally fatal to the other complainants.

To this decision complainants excepted, and have alleged error therein.

HARDEN and COHEN, for plaintiffs in error, cited—

Demere and others *vs.* Scranton and others.

1 *Story Eq. Jur.* §§, 503, 92.   2 *Binney*, 299.   6 *Bac. Abr.* 200.
*Ward on Legacies*, 16, 370.   4 *Mctc.* 523.   6 *Ib.* 525.   2 *Hill's
Ch.* 213.   7 *Pick.* 296.   2 *John.* 243.   7 *Chancery Cases* 223.   2
*John. Ch.* 614.   3 *Mason*, 230.   2 *Greenl. Ev.* §§, 113, 114.   6 *John.
Ch.* 33 to 38.   1 *Comstock*, 298.   1 *Bailey Eq.* 274, 5.   *Gilmer*,
424.   4 *Dess.* 422, 432.   1 *Beavan* 235.   4 *Mylne & Craig*, 420.
1 *Sim. & Stu.* 463.   1 *Russ. & M.* 338.   3 *Mylne & Cr.* 32, 41.
2 *Powell on Devises*, 670.

Lloyd, for defendant, cited—

7 *Ga. Rep.* 136. 4 *Ib.* 556.   5 *Sm. & Mar.* 791.   *Broom's Max-
ims*, 97.   2 *Hill Ch.* 213.   1 *Ib.* 262, 3.   2 *Ves. Sr.* 194.   25 *Law
Lib. top page*, 293.   6 *Ga. Rep.* 102. 2 *P. Wms.* 296, 7.   *Ward
on Legacies*, 198, *top page*.   1 *Wms. on Ex'rs*, 495.   *Toller*, 341.
2 *Br. Ch.* 306.   *Story Eq. Pl.* 199, 391.

Ward, on same side, stopped by the Court.

*By the Court.*—Lumpkin, J. delivering the opinion.

In the year 1828, Raymond Demere made his will, by which,
after certain specific legacies, he devised one moiety of the resi-
due of his estate to Joseph Demere, and the other moiety to
Lewis, John and Paul Demere.   The two moieties of the residue
so devised, were delivered over to the residuary legatees, under
an order of the Court, prior to the year 1834.   In the year 1843,
two of the specific legatees filed a bill in Equity against the ex-
ecutors, for their legacies.   The complainant, Lewis Demere,
was one of the executors.   The executors answered this bill,
(calling for an account and the admission of assets) and a gener-
al decree was rendered against them, establishing the fact, that
the executors, at the time of the rendition of the decree, had in
their hands a sufficiency of the assets of the testator to satisfy it,
and directing them to pay to complainants upwards of $4,000.   An
execution having issued on this decree, the same was paid by
Lewis, John and Paul Demere, who now file their bill in Equity
for contribution, against Mary R. Scranton and her trustees,
who have succeeded to a portion of the estate left by Joseph
Demere.

To this bill the defendants filed a general demurrer, for want of equity, and alleged, at the hearing :

1st. That the payment made by the complainants, as residuary legatees, under the *fi. fa.* against the executors, was voluntary; and the complainants not being compelled or legally bound to pay the same, cannot ask for contribution.

2d. That the decree had on the original bill in Equity, binds the executors to pay the amount in said decree mentioned; and it is not alleged in the bill filed for contribution, that the executors are insolvent or unable to pay the decree.

3d. That the pleadings and decree in the original cause, show assets in the hands of the executors; and such assets were, and are, liable for the payment of the original decree.

4th. That a legatee who has received his legacy, is never liable to refund, for the payment of other legacies, unless the assets were originally inadequate to pay all the legacies, and there has been no waste by the executor; and no such facts as these are stated in the present bill.

5th. That Lewis Demere, having only paid an execution against himself, has no interest whatever in this bill for contribution; and *his* want of interest is fatal to the whole suit.

Upon the hearing of the demurrer, the defendants' solicitors, in their arguments, referred to the original bill in Equity of the legatees which (in the present bill) was not attached as an exhibit—the decree *only*, being attached—but referred to in the following words : " as will more fully and at large appear, reference being had to the proceedings in said cause, of record in said Superior Court." Solicitors for the complainants objected to said reference; contending that the original bill of the legatees, although so referred to in their bill, formed no part of it, for the purposes of the demurrer.

The Court overruled the objection of the complainants' solicitors. The argument proceeded and the Court sustained the demurrer and dismissed the bill; and it is upon this statement of facts the complainants except and bring this writ of error.

[1.] Either the original bill and proceedings thereon, were a part of the present bill, or they were not. If they were, it does not lie in the mouth of the complainants to object to their use by the Court and counsel, on the argument of the demurrer. If they were not, it is evident that the bill could not have proceeded to a

hearing without them ; for the decree could not have been introduced in evidence on the trial, without the other proceedings. But for the understanding that the original bill, by the manner in which it was referred to, had become incorporated in the second bill and formed part of it, the second bill would have been demurred to, and justly, on account of this omission. We hold that by reciting portions of the first bill, and directing the Court, for further and full information, to the original bill and proceedings, the Court had a right to look to those proceedings, to ascertain if there was equity in complainants' bill.

The 17th Rule of Equity Practice, requires *copies* of all deeds, writings and other exhibits, to be filed with the bill or answer; and declares, that no other exhibits shall be admitted, unless by order of the Court, for some special and good cause shown. 2 *Kelly*, 484. The practice, therefore, of referring to original records and papers of file in the Clerk's office, is irregular and inadmissible under this rule. *Complete copies* of *all* the proceedings in the cause should be attached.

[2.] So far as the merits of the case are involved, we must say that we cannot view it in any other light than an attempt, on the part of the executor, to extricate himself from the consequences of his failure to make proper defence to the original bill, and to avoid the effect of the decree rendered against him by reason of that neglect.

It will not be denied, that if the complainants had paid the legacies due under the will of Raymond Demere, to Rose and John Demere, and which constituted a charge upon the whole estate of the testator, that they might have filed their bill against the representatives of Joseph Demere, for contribution; and had the executors, when sued for the specific legacies, pleaded *plene administravit*, and proven on the trial of the first bill, that the property had all been distributed, and nothing retained by them to pay these legacies, the decree would have been so moulded as to have made Joseph Demere ultimately liable, at least for one moiety of the demand.

[3.] But unfortunately, perhaps, this was not only not done, but the omission can never be rectified. The record of the former recovery is, and ever must remain, *conclusive* against the executors, Lewis Demere and John Demere, that they have assets in their hands sufficient to meet the decree. Such is their admis-

sion by the pleadings, and such was the verdict of the Jury; and yet, in the face of this finding, and of the judgment of *this Court*, that both complainants and defendants, *as legatees*, were absolved from all liability, except, perhaps, in the event of the insolvency of the executors, these complainants go forward, voluntarily, and satisfy the decree rendered against the executors, and now invoke the aid of a Court of Equity to compel the heirs of Joseph Demere to account with, and refund to them, the one half of what they have paid, under these circumstances!

This very execution, which these complainants allege they have paid, was levied on the property of Joseph Demere, in the hands of Alexander Scranton, as the property of the estate of Raymond Demere, when it was solemnly adjudicated by this Court, upon writ of error, that it should be collected out of the assets in the hands of the executors, and not out of that portion of the testator's estate which had been distributed to Joseph Demere: (6 *Geo. Rep.* 102.) If, then, this debt could not be enforced against the legatees, how can its payment be claimed as the discharge of a common or joint liability, or the removal of a common burden or incumbrance? If Rose and John Demere could not enforce this decree against the property apportioned off to Joseph Demere, at any rate until they had prosecuted the executors to insolvency, how can the present complainants; by voluntarily paying this demand, and for which they were not responsible, be in any other or better condition?

[4.] I repeat then, that by the admission of assets by the executors, sufficient to pay these specific legacies, they have made themselves *primarily* liable for the decree; and, if *solvent*, they must be *first* looked to, at least, for payment. Joseph Demere has only received what he was entitled *to, under the will* of Raymond Demere; nor can he, or his representatives, be called on to refund, until all the other assets are exhausted, and the executors prosecuted, personally, to insolvency.

[5.] And even then, we apprehend, the residuary legatee would be protected, unless there was an original deficiency of assets, so as to make the payment of his legacy amount to a devastavit; for, if the executors had enough, at first, to pay all the legacies, and afterwards, by wasting the assets, occasion a deficiency, in such case, the legatee who had received his legacy, would not be compelled to refund. He would only be forced to

refund where he had received more than his share.  *Ward on Legacies*, 198.  *Toller on Executors*, 341.  1 *P. Wms.* 495.  2 *Bro. Ch. R.* 306.

Indeed, a more hopeless case for relief, could hardly be presented.  For one of these complainants, (Lewis Demere,) is also one of the executors, who admitted assets in his hands sufficient to pay this debt, subsequent to the alleged distribution to the other legatees.  He has only discharged, therefore, a personal liability and indebtedness.  He might have a right to go against his co-executor for distribution.  He certainly has none against these defendants.

It only remains to add, that we affirm, with great pleasure, this last sound judgment which, probably, it will ever be our privilege to review, of the very able Judge who pronounced it.