No. 30.—THE JUSTICES OF THE INFERIOR COURT OF BAKER COUNTY, plaintiffs in error, *vs.* JOHN MORELAND, guardian of Benjamin G. Sikes, defendant in error.

[1.] The title acquired by an heir at law, under a distribution of an intestate's estate, made without fraud, is good against a judgment subsequently obtained by a creditor against the administrator.

Claim, in Baker Superior Court. Decided by Judge AL-LEN, May Term, 1856.

An execution in favor of the Justices of the Inferior Court of Baker County, against Benjamin M. Griffin, administrator *de bonis non* of John Sikes, deceased, was levied on a negro man named Watt, and a claim to the negro was interposed by John Moreland, as guardian of Benjamin G. Sikes.

On the trial of the claim case in the Court below, it appeared in evidence that the negro levied on was a part of the

estate of John Sikes, deceased, at the time of his death, and as such came into the hands of said administrator to be administered; and that before the judgment was rendered, upon which said execution issued, to-wit: in 1848, said minor, Benjamin G. Sikes, had received said negro from said administrator, as a portion of his distributive share of said estate, he being one of the children of said John Sikes, deceased. It further appeared, that said judgment was, according to the terms of it, to be satisfied out of property which came into the hands of said administrator to be administered; that the debt which was the foundation of said judgment, originated in 1834; was first sued upon in 1840, and the plaintiff nonsuited; was sued again in 1843, and plaintiff again nonsuited; again in 1848, and a judgment obtained at May Term, 1854, of Baker Superior Court; that there was no plea of *plene administravit* or *plene administravit præter* filed by said administrator to said suits; that John Sikes died in 1838, and Griffin administered on his estate in 1839; that the negro levied on was worth some $1200, and that there had been no property of said deceased in the hands of said administrator, since the rendition of said judgment, subject to levy and sale.

Upon this state of facts, Counsel for claimant moved to dismiss said levy, on the ground that said property levied on, in the hands of said distributee, was not liable in this form of proceeding. The Court sustained the motion and dismissed the levy.

The decision of the Court is assigned as error by Counsel for plaintiff in *fi. fa.*

R. F. LYON and R. H. CLARK, for plaintiffs in error.

STROZIER & SLAUGHTER, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] This is a proceeding at Law to subject to the payment

of a judgment against the administrator, obtained in 1854, a negro man who had been distributed in 1848 to the claimant, who was one of the heirs at law of defendant's intestate. If the legal lien of the judgment upon the property had not attached before the distribution, it is not subject thereto, unless there was fraud in the distribution. If the suit on which the judgment was rendered was pending at the time of the distribution, the question, whether the distribution was made to delay and hinder the creditor in the collection of his debt, ought to have been submitted to the Jury. But the record discloses no such fact. The debt had been twice sued, and twice had the plaintiff been nonsuited. The third suit was instituted in 1848, and in 1848 was the property distributed to the plaintiff. But which was first in order of time, the commencement of the suit, or the distribution, does not appear; but as there will be no presumption of fraud, but upon the proof of facts or circumstances on which to found it, we will not assume that the suit was first.

There is no reason why the legal title of the claimant to the property, which had passed to him without fraud nearly six years before, should be disturbed by the judgment.

This property is unquestionably liable, rateably, to pay the plaintiff's judgment, if the administrator has not assets or is not insolvent; but it must be subjected by a different kind of proceeding, before a tribunal that can bring all the heirs of the estate before it, and compel those who are solvent to contribute, rateably, to the payment. If some are insolvent, those who are able to pay may be compelled to contribute to the extent of the assets, if necessary, received by them.

Let the judgment of the Court below be affirmed.