No. 13.—BENJ. GRIFFIN, and others, plaintiffs in error, *vs.* THE JUSTICES OF THE INFERIOR COURT OF BAKER COUNTY, defendants in error.

Notwithstanding a creditor has obtained an absolute judgment against the administrator of his debtor; still, if it appear that the administrator and the heirs have fraudulently distributed the assets to defeat the collection of the claim, the heirs, and not the securities of the administrator, are primarily liable in Equity for the payment of the money.

Griffin, et al. vs. The Justices of the Inf. Court of Baker county.

In Equity, from Decatur Superior Court. Decision on demurrer, by Judge ALLEN, at Chambers, May 1857.

The Justices of the Inferior Court of Baker county, filed their bill in Equity against Benjamin M. Griffin and others, setting forth the following facts, viz: That in the year 1832, John Sikes of the county of Baker, became indebted to said county, the sum of $791 73, for which he gave his note payable one day after date; that in the year 1838, and before the payment of said note, Sikes departed this life, leaving a considerable estate, and a will of which his wife Winney, was appointed executrix. That she died soon afterwards intestate, when Benjamin M. Griffin was appointed administrator with the will annexed, and executed his bond conditioned for the faithful discharge of his duties, with John Montgomery, Green Tinsley, and Mathew R. Moon, as his sureties. This bond bears date the 2d day of December, 1839, and is in the penalty of thirty-five thousand dollars. That John Sikes, the testator, in and by his said last will and testament, bequeathed to his son John Sikes five negroes (naming them,) and all the balance of his estate he gave to his wife, the said Winney, "to be kept together by her and managed by her as her judgment may dictate, and that she shall divide the same equally between herself and her children by me, to be given off to them as they shall marry or come of age." That the said John & Winney left the following children as their legatees and distributees, to-wit: John Sikes, junior, the wife of Benj. M. Griffin, Lucy H. Sikes, Stephen S. Sikes, Rebecca R. Sikes, Richard S. Sikes, and Benj. G. Sikes; the five last named being minors at the death of their father and mother. That John Sikes, junior, has long since departed this life, and his widow afterwards intermarried with —— Flournoy, who now resides in the State of Florida; and that he has no property, nor representative of his estate, in Georgia: That Benj. M. Griffin resides in the county of Decatur. That Lucy H. Sikes married —— Ashurst, in ——: That Stephen S. and

Richard S. Sikes, have become of age, and one resides in the county of Lee, and the other in the county of Terrell: That Rebecca R. married John Moreland, who resides in the county of Terrell, and was the guardian of Stephen S. and Richard S., during their minority; and is now the guardian of Benjamin G. Sikes, who is still an infant.

The bill further states that suit was instituted against Griffin, as the administrator, with the will annexed, on said note, in 1841, and again in 1844, which were defeated on some technical defect, not involving the merits.    That a third suit was again brought in 1848, and after a protracted litigation, judgment recovered in Baker Superior Court at May Term, 1854, for $791 73 principal, $1118 92 interest, and $23 62 cost. That *fi. fa.* issued upon said judgment against the administrator, to be levied upon the goods, &c. of his testator, upon which the Sheriff on the 21st of November, 1856, made a return of *nulla bona.*    The bill charges that before said judgment was obtained, all the estate of said John Sikes, senior, the testator, and all the estate of said Winney, were given off and distributed to and amongst their children, above named, or to their guardians, who now have the same—that all said legatees and distributees are solvent, except the said Benj. M. Griffin, the administrator, who is insolvent.    That Moon, one of the sureties on his administration bond, has long since been dead, and has in this State neither property nor a representative.    That Tinsley, another surety, has removed to the State of Mississippi, leaving but little property here; and that Montgomery, the other surety, is dead and his estate represented by John Lyon of Baker county, but his estate is inadequate to pay said debt.    That said judgment is wholly due and unpaid, and that the solvent parties who are in possession of the estate of John Sikes, senior, the original debtor, refuse to pay the same.

The bill prays that a decree may be made, compelling the parties in such order, proportion and under such conditions

as the Court shall seem proper, to pay and discharge said judgment.

Benj. M. Griffin, Stephen S. Sikes, John Moreland, Richard S. Sikes, and John Lyon, were served or acknowledged service, and demurred to the bill:

1st. For want of equity therein.

2d. Because there has been no recovery against the administrator.

3d. Because the distributees are not proper parties.

4th. Because no recovery or decree can be had in this case, against the legatees and distributees, and complainants have a remedy at law.

5th. Because the bill does not show whether or not Griffin did not return assets sufficient to pay the debt.

6th. Because the bill is multifarious, in that it joins parties who have a common interest.

After argument, the Court overruled the demurrer, and defendants excepted.

Strozier; and Slaughter, for plaintiffs in error.

Lyon; and Clarke, for defendants in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Is there equity in the bill? The creditor is unable to collect his debt at law, finding no assets of John Sikes on which to levy. Against whom should he go in equity? It is argued, that having obtained an absolute judgment against Griffin, as administrator, it is conclusive that he had assets with which to discharge this demand; and that if these be wasted, his securities are absolutely liable.

But this position is in the face of the facts, charged in the bill. It is there alleged, that pending the suit against Griffin, he and the heirs fraudulently combining to defeat this claim, distributed the whole of the assets. If this be true the heirs, and not the securities should be primarily liable.

This proceeding is instituted against the heirs and securities. On the trial, all the facts will come out, and all the parties can be heard; and it will then be easy to determine who ought to pay this money, and the whole litigation will be settled at once. Our conclusion therefore is, that the bill is well brought; that there is an equity in it; and that the remedy in equity is much more complete than at law.

Judgment affirmed.