### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATHENS,

## NOVEMBER TERM, 1858.

Present—JOSEPH H. LUMPKIN,
CHARLES. J. McDONALD, } Judges.
HENRY L. BENNING,

---

EVERETT YERBY, administrator, plaintiff in error, vs. J. R.
& L. C. MATTHEWS, defendants in error.

A debt was not made known to the executor, until after the expiration of the
twelve months within which, the law requires debts to be made known to an
executor, and after he had distributed all the assets, except the share of one
legatee.
*Held,* That he was nevertheless bound to apply this whole share, first to the
debt.

Certiorari, in Clark Superior Court. Decision by Judge
HUTCHINS, August Term, 1858.

This case was brought up to this Court, upon the follow-
ing agreed statement of facts, viz:

Everett Yerby, administrator with the will annexed, of
James Rhodes, deceased, gave due and legal notice to the
creditors of deceased, to present their demands agreeably to
law. J. R. & L. C. Matthews held a note against deceased,

of which they failed and neglected to give the administrator notice, within the twelve months as required by law, and did not present the same for payment until after he had paid. out to the legatees all the estate in his hands, except the share of one legatee residing in the State of Alabama; there were eight legatees.

The Justice's Court, in which suit was brought on the note, gave judgment for the defendant, and the case being brought by exception and certiorari to the Superior Court, Judge Hutchins, presiding, sustained the certiorari, and set aside the judgment of the Justice, holding that the administrator having assets, plaintiffs were entitled to a judgment, not only for one-eighth of their claim, but for the whole.

To which decision defendant excepted, and assigns the same as error.

W. L. Mitchell, for plaintiff in error.

W. G. Delony, *contra.*

*By the Court.*—Benning J. delivering the opinion.

The common law made an executor or administrator, personally liable, if he distributed the assets to the legatees, or to the next of kin, before he had paid the debts of the testator, or of the intestate.

Our statute of 1792, says, that " every executor or administrator shall give six weeks notice by advertisement in one of the public gazettes of this State, or at three different places of the most public resort in the county, for creditors to render an account of their demands; and they shall be allowed twelve months to ascertain the debts due to and from the deceased, to be computed from the probate of the will or granting letters of administration. And creditors neglecting to give in a state of their debts within the time aforesaid, the executors or administrators shall not be liable to make good the same." *Pr. Dig.* 229.

The meaning of this last part of these words is, that the executor or administrator shall not be *personally* "liable," &c.; not, that he shall not be *officially* liable; not that he shall not be "liable," if he has assets still remaining in his hands.

This is a meaning consistent with the words; one which they have ever received in practice, so far as we know or believe; and one which is required by statutes in *pari materia.* See refunding-bond Act of 1812. *Pr. Dig.* 241.

If then the executor or administrator is notified of debts, whilst any assets remain in his hands, he is, notwithstanding these words of the Act of 1792, still bound rather to apply such assets to those debts, than to distribute the assets to legatees or heirs; and he is so bound, even although the notification of the debts, may, have been made to him, not until after the expiration of the twelve months.

The decision of the Court below, was in accordance with these views. It was, that the executor having one-eighth part of the assets in his hands still undistributed, (that is, the share of one of the eight legatees,) he was bound to apply the part, to the payment of this debt.

We think, therefore, that the decision was right.

Judgment affirmed.