Edwin A. Castellaw, administrator, *et al.*, plaintiffs in error, *vs.* Julia Guilmartin *et al.*, defendants in error.

A judgment regularly obtained against an executor by one who claims a debt due from the testator, is conclusive against the executor and the estate in his hands unadministered, as to the existence and the amount of the debt, and cannot be attacked, even in equity, by the legatees under the will, on the ground that there was a good legal defense which the executor failed to set up, unless it be also alleged that there was accident, mistake, fraud, or corrupt complicity between the executor and the plaintiff.

Executors and administrators. Judgments. Before Judge Tompkins. Chatham county. At Chambers. March 20th, 1875.

Julia Guilmartin, John F. Guilmartin, ...... Guilmartin and Julia Guilmartin, a minor, by her next friend, legatees under the will of John F. Guilmartin, deceased, filed their bill, wherein they allege that on the 2d of April, 1874, Edwin A. Castellaw, as administrator on the estate of James W. Castellaw, commenced suit in the superior court of McIntosh county against Robert Lachlison, as executor of the said John F. Guilmartin, for the sum of $2,552 73, besides interest, alleged to have been due on the first of January, 1854, by said Guilmartin, as trustee of James W. Castellaw, to said Castellaw. Further, that said Lachlison lived in McIntosh county,

and complainants in Chatham; that he made no defense, and permitted judgment to be entered up against his testator's estate by default, at the last November term of McIntosh superior court, for the amount sued for; that they depended upon said Lachlison to make the proper defenses to said action which existed at the time, and which would have entirely defeated it; that they had a right to expect this, from his position as executor and trustee; that they knew nothing of said suit until they saw an advertisement of a levy, made under the judgment thus obtained, upon the property of the estate in Chatham; that there were valid defenses against said suit which ought to have been pleaded for the benefit of complainants (who are the real and only parties interested in the estate of said Guilmartin,) by the said Lachlison, executor, the nominal defendant, but that he failed to make or plead them, and by his negligence permitted judgment to go against him at the first trial term of the said cause, and that they, the complainants, were thus damaged, without any knowledge of what was occurring; that the declaration showed upon its face that the action was barred by the various statutes of limitations of the state, especially by the act of March 16th, 1869, section 5; that execution has been issued, levied, and the property advertised for sale.

It appeared that James W. Castellaw died in 1860 and Guilmartin in 1855.

They pray that the judgment be opened, and they allowed to plead their defenses to the action, and that an injunction issue restraining said Castellaw, and the sheriff of Chatham county, and the attorney of said Castellaw, from selling said property under said execution.

The declaration filed in the original suit, and the will of John F. Guilmartin are annexed as exhibits to the bill.

The declaration shows the suit to be founded on an account filed in the office of the ordinary of Chatham county, by John F. Guilmartin, as trustee of James W. Castellaw, on the 1st of January, 1854, showing a balance of $2,552 73 in the hands of Guilmartin to the credit of Castellaw. The dec-

laration stated further that Edwin A. Castellaw was appointed administrator on the estate of James W. Castellaw in April, 1872.

Amendments were afterwards filed to the bill, alleging the insolvency of Lachlison, and that a portion of the claim upon which the judgment was based had been paid, but not stating when or how, or how much.

The defendants answered that the allegations of the bill showed that the complainants were not entitled to the injunction prayed for, and that there was no equity in the bill.

The chancellor ordered that the writ of injunction issue restraining the defendants from proceeding to sell the property levied on, and from enforcing in any other way said judgment. He further directed that the judgment be opened and set aside, on condition that the complainants and the executor of John F. Guilmartin do file their pleas of defense at the next term of the superior court of McIntosh county.

To this judgment the defendants excepted.

A. P. ADAMS, by W. R. HAMMOND, for plaintiffs in error.

No appearance for defendants.

McCAY, Judge.

There is nothing set up to justify the interference of a court of equity with this judgment at law, but the fact that the debt upon which the judgment is founded was capable of having been defended at law by the plea of the statute of limitations. It is not even claimed that the debt is not in the main justly due. Why should these legatees claim to go behind the judgment? Perhaps the executor knew the debt was unpaid, and standing as he does in the shoes of the testator, he may have thought it not honest to plead the statute. The law authorizes him, if in his judgment he thinks proper to pay a debt barred by the statute, to do so. And it would be very strange if a trustee, knowing his testator owed a just debt, were still compelled to plead the statutory bar. Some

of the old decisions even go so far as to hold that a direction to pay debts is an acknowledgment. This is not now held to be the law. But an administrator may pay an honest debt of the deceased which is unpaid, although it be barred by the statute : provided, under our statute, the bar was not complete during the lifetime of the deceased : See Code, (1873) section 2542. It does not appear that this debt was barred on the death of Castellaw, but rather to the contrary, so that the bill does not even make out a case where the administrator has done anything which, under the law, he might not well have done. But even if this were shown, the bill would fail to make a case for the interference of equity. The administrator is the legal party, who, as to all the world, represents the estate, and a judgment against him is just as conclusive against the estate he represents as a judgment against any other defendant is against him. That is, it cannot be attacked except for fraud or want of jurisdiction, not even in equity, except for accident, mistake, etc., where there was no mixture of fault or negligence on the part of the defendant. We recognize the fact, that if there be fault on the part of the administrator, the legatees are not without redress—but that redress is against him. As to the plaintiffs in the judgment, the law, by its proper court, and with the legal parties before it, has declared that the estate owes this debt, and it will not tolerate any denial of it. The parties and their privies are estopped. Had there been a good legal plea or defense, had the debt been unjust, and by collusion between the parties a judgment been obtained, equity would then have interfered. But there is no such charge ; mere neglect would not, we think, be sufficient. Some corrupt complicity would be necessary to set aside the solemn judgment of the court. Unless this were the law, litigation would be endless.

Judgment reversed.