EDWIN A. CASTELLAW, administrator, plaintiff in error, *vs*. JULIA GUILMARTIN *et al*., defendants in error.

1. Where property of the testator was turned over to the legatees by his executor before the commencement of a suit against the latter upon a claim alleged to be due by such testator, such property is not subject to levy and sale under an execution based on a judgment obtained in such suit.
2. Immaterial errors constitute no ground of new trial.

Administrators and Executors.   Legacy.   Levy and Sale. Judgments.   Before Judge TOMPKINS.   Chatham Superior Court.   February Term, 1876.

Reported in the decision.

A. P. ADAMS, for plaintiff in error.

HARTRIDGE & CHISHOLM, for defendants.

WARNER, Chief Justice.

This was a claim case in which the claimant had filed certain equitable pleas as set forth in the record, and on the trial of which, the jury, under the charge of the court, found the following verdict: "We, the jury, find for the claimants, in that the property was turned over by Robert Lachlison, executor, to claimants before suit was commenced; that the claim is barred by the statute of 1869; that McIntosh county court rendered judgment without proof or evidence." The plaintiff made a motion for a new trial on the several alleged grounds of error contained therein, which was overruled by the court, and the plaintiff excepted.

The execution issued on a judgment obtained in McIntosh superior court in favor of the plaintiff, against the defendant as executor of Guilmartin, deceased, and was levied on the property claimed, in the possession of the claimants, as the property of Guilmartin, the defendant's testator. The claimants alleged in their equitable plea, that the property levied on had been turned over to them as devisees thereof under the testator's will, with the assent of the executor, before the commencement of the suit in which the judgment was obtained against the executor, and also, that the claim on which the judgment was rendered, was barred by the statute of limitations of 1869, and that the judgment was rendered by the court without any evidence, there being no issuable defense filed on oath. The evidence in the record as to the turning over the property by the executor to the claimants,

was conflicting.   The debt on which the judgment was ob-
tained, was barred by the act of 1869, as it appears from the
evidence in the record, if the executor had pleaded it in de-
fense of the action brought against him.   It was admitted
on the trial of the claim case, that there was no evidence of-
fered to prove the plaintiff's demand when the judgment was
rendered against the executor in McIntosh superior court.
The court charged the jury, in substance, that if the executor
turned over the property to the claimants under the testa-
tor's will, his assent would be implied, and that it would
not be subject to the *fi. fa.* levied thereon.   The court
also charged the jury, that if the property had been turned
over to the claimants by the executor as before stated, that
then they would be subrogated to all the rights and defenses
which Lachlison, the executor, originally had to the suit
upon which this judgment is based, and could plead the
statute of limitations of 1869.   The court further charged
the jury: "If you should find that the judgment was ren-
dered in McIntosh superior court without proof, as it is ad-
mitted by counsel, and I recollect the fact that such was the
case, then, as the suit was not based on an open account, the
judge had no right to render the judgment without proof,
and the judgment is void, and you should find for the
claimants.   In my view of the case, you are bound to find
for the claimants."

1.  This being an equitable proceeding under the claimant's
equitable plea, the issues of fact involved in the case were spe-
cifically found by the jury under the provisions of the act of
1876, one of which was whether the property levied on had
been turned over to the claimants by the executor as the de-
visees thereof under the testator's will.   Although the evi-
dence was conflicting, and there being no error in the charge
of the court in relation to this point in the case, there is suffi-
cient evidence in the record to sustain the verdict as to that
separate issue.   See *Lake vs. Hardee,* 55 *Ga. Rep.,* 667.
The jury having found the above mentioned issue in favor
of the claimants, the property was not subject to the execu-

tion levied thereon, and the claimants were entitled to judgment to that effect upon the verdict, notwithstanding the court may have erred in its charge to the jury in relation to the other issues submitted to them in regard to the statute of limitations, and the validity of the judgment obtained in McIntosh superior court, in view of the ruling of this court in the case of *Castellaw vs. Guilmartin*, 54 *Ga. Rep.*, 299.

2. But for the explanatory note of the presiding judge to the fourth ground of alleged error in the charge of the court, to-wit : " In my view of the case you are bound to find for the claimants," we should have been constrained to have reversed the judgment.   The judge, however, certified that he added, " I mean by this, that if you find from the evidence the facts as alleged by the claimants, that then the fact that the court in McIntosh county rendered the judgment without proof makes such judgment invalid against the claimants, and they should recover in this action." This charge of the court, according to the judge's explanation thereof, related to the issue submitted to the jury in regard to the validity of the plaintiff's judgment obtained in the superior court of McIntosh county, and not to the issue submitted to the jury, as to whether the property levied on had been turned over to the claimants by the executor, and, that being so, the verdict of the jury upon the last-mentioned issue was not affected by the alleged erroneous charge of the court.   The jury having found by their verdict that the property levied on had been. turned over to the claimants by the executor of the testator, before the suit was commenced in which the judgment was obtained against him in favor of the plaintiffs, there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.