## Long *et al. vs.* Mitchell.

[Warner, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

1. Though the heirs of an estate, if all be of age, may distribute it so far as they are concerned, and by agreement among themselves have a consent decree informally rendered at chambers so as to bind themselves, yet such decree will not bind a creditor without notice and no party thereto. The release of the executor by such decree from his trust will not discharge so far as such creditor is concerned.

2. Whatever may be the general rule in regard to judgment creditors seeking in equity to subject property distributed to the heirs at at law being required not only to set out the judgment but the entire pleadings antecedent to it, and to develop the character of the debt as that of the estate, yet where one of the distributees is the executor against whom the judgment was rendered and the bill and exhibits show that he claims and is in possession of much of the estate under the distribution himself, it is unnecessary to do so. He was served with notice to answer to the debt before the judgment at law was had; and it was his business then to ascertain its nature and to defend it. If the other heirs are not estopped from attacking the debt as that of the estate, he at least is so estopped.

3. The demurrer being general as to all the defendants, including the executor against whom the judgment was rendered, would have been properly overruled, but that there is no allegation of the insolvency of the executor, and the remedy, without such allegation, is complete at law.

Administrators and executors. Estates. Debtor and creditor. Estoppel. Equity. Pleadings. Before Judge Crisp. Lee Superior Court. March Term, 1879.

Reported in the opinion.

R. F. Lyon ; W. A. Hawkins, for plaintiffs in error.

Warren & Hobbs, for defendant.

Jackson, Justice.

Warren Mitchell brought his bill against defendants, alleging that he had obtained judgment against the estate of

their father; that the estate had been distributed by agreement among themselves, under a decree rendered by consent at chambers; that thereby the estate in lands had been divided; that he, the creditor, was no party to such consent or decree, and that the discharge of the executor by such consent decree could not affect him, and in this bill he sought to subject the land so divided to a judgment rendered against the executor after his discharge or release from the trust under the consent decree. The exhibits to the bill show this judgment but no declaration or other pleadings thereon, and they show an agreement to pay any lawful debt against the estate by the distributees or legatees.

To this bill defendants demurred on the ground that there is no equity therein, that the pleadings which led to the judgment are not set out, nor the character or nature of the debt; that defendant, H. L. Long, was not executor when the judgment was had, because he was discharged by the consent decree, and that it nowhere appears that the debt was a debt of testator or had benefited the estate. The court overruled the demurrer, and the defendants excepted.

1. The executor could not be discharged by this consent decree, to which the creditor was no party, so as to affect the creditor or his rights in any respect whatever. 55 *Ga.*, 449. Therefore the judgment is as good as if obtained before such consent decree, rendered at chambers, had relieved him from his trust. The ordinary must grant the discharge to make it binding on all interested, and that after due notice to all interested. Code, §§2606, 331. On a case regularly made and all parties in interest served, a court of chancery could discharge on final decree; but not in a case like this, done by the consent and agreement of the heirs *inter sese* and decided privately at chambers.

2. It may have been better to have set out the entire pleadings and the nature of the debt, but in this case, however the general rule may be in cases to subject the property of

heirs after distribution to debts of a decedent, we are clear that it is unnecessary, because the executor is one of the heirs, and the bill is brought to subject the share he got as well as those of his brothers and sisters, and it appears that he got a larger share—one-half—from the claim affidavit put in by himself. If he made the debt his share ought to pay it; if the testator made it or the defendant, as executor, made it for the estate, legitimately, all ought to contribute. In either event the bill ought to be retained, unless some good reason other than this appears for its dismissal. For the reason that he was served with process to answer plaintiff's cause of action, he ought to have known all about the debt and defended it; and his mouth, to say the least, is closed by the judgment, unless attacked for fraud in obtaining it, or other ground recognized in equity. Through him it is questionable if·all the heirs are not bound. He was still their representative so far as this creditor is concerned. The estate was unadministered as to him.   54 *Ga.*, 299.

3. The demurrer is general and seeks to dismiss the bill as to all the defendants, this executor included. It should not have been dismissed as to any, especially as to him, on the grounds heretofore considered. Had it been special and confined to some of the defendants, it would not have disposed of the whole case finally, and could not have been brought here for review ; nor can we now, in reviewing the case, order it dismissed as to some of the defendants, even if we thought such disposition should be made of it, which we do not mean even to intimate.

The fact is that these heirs have agreed to pay this debt, if a debt of the estate ; it seems to be such a debt from the judgment against the executor, who is one of them ; and it would be inequitable in the absence of all answer and explanation by him to leave it unpaid out of the estate which was in his hands, as executor, when the debt was due in 1868—for the judgment shows interest was counted from that date—and which he with the others privately distrib-

uted without notice to this creditor. But this judgment is good and conclusive of assets as to this executor, and may be recovered out of him at law, if he is able to pay it. It is not averred that he is insolvent and unable to pay it; therefore, without such allegation, the bill is demurrable and must be dismissed unless amended in this respect. See 61 *Ga.*, 602; 54 *Ib.*, 363; 56 *Ib.*, 395.

Judgment reversed, with leave to amend.