McMILLAN, executor, *vs.* TOOMBS, and *vice versa.*

1. A guardian of certain children interested in an estate filed a bill against the surviving executor thereof to recover the interest of her wards. The executor filed an answer and cross-bill on October 20th, 1879, alleging, among other things, that a third party named held a claim, by account, against the estate, upon which there was due $1,150.00, and prayed that such third person be made a party to the case. On the 29th of April, 1880, service of this cross-bill was acknowledged. At the August term thereafter, by consent of the guardian and the executor, a decree was taken, by which certain lands belonging to the estate were vested in complainant's wards. On the 24th of November thereafter, the defendant brought in by the cross-bill answered it, admitting the indebtedness to himself, and subsequently he came into court, and asked to have a trial on the case made as to him:

*Held,* that, when the consent decree was taken as between the executor and the guardian, no decree being entered dismissing the bill as between the executor and the third party, the cross-bill

remained pending, unaffected by the consent decree, and a trial thereon was properly allowed.

2. There was no error in granting a new trial in this case.

3. Where an executor, by cross-bill, brought into court a person alleged to be a creditor of the estate, alleging that he "had an account against the estate, upon which there was a balance due of $1,150.00," this was an acknowledgment of the debt sufficient to take it out of the statute of limitations. The chancellor could have decreed for the creditor without the intervention of a jury, there being no issue of fact; and, on submitting the case to a jury, he erred in not construing the cross-bill and stating the legal effect thereof.

February 24, 1885.

Practice in Superior Court. Equity. Cross-bills. Administrators and Executors. Statute of Limitations. Admissions. Before W. I. PIKE, ESQ., Judge *pro hac vice.* Habersham Superior Court. September Term, 1884.

To the report contained in the decision, it is only necessary to add that one ground of the motion for new trial made by Gen. Toombs was as follows:

Because the court erred in leaving to the jury the construction of the written admission of R. E. McMillan, executor, set out in his answer, as follows: "General Robert Toombs, of Washington, Wilkes county, has an account against said estate, upon which there is an unpaid balance of about eleven hundred and fifty dollars." This admission was relied upon by Toombs as a written acknowledgment of his debt during the bar of the statute of limitations. The unqualified charge of the court on this branch of the case was as follows (having read section 2935 of the Code): "Now, gentlemen, to apply that law to the facts in this case, if Robert E. McMillan, in his answer, which is sworn to and which is in evidence, admitted this debt and sufficiently identified it, coupled with the evidence of General Toombs as to its identity, so that you can arrive at it with reasonable certainty, then that relieves it from the bar of the statute of limitations."

The motion was granted, and defendant excepted.

Counsel for Gen. Toombs filed a cross-bill of exceptions, alleging error substantially as set out in the above stated ground of the motion for new trial.

C. H. SUTTON; CRANE & JONES, for McMillan, executor.

BARROW, ERWIN & THOMAS; W. M. & M. P. REESE, contra.

BLANDFORD, Justice.

Robert McMillan died leaving a will, and appointed as his executors his two sons, R. E. McMillan and Garnett McMillan, who married and died, leaving several children and a widow, who intermarried with one Wilson. Mrs. Wilson, as guardian for her children by Garnett McMillan, deceased, filed her bill against R. E. McMillan, the surviving executor, to recover their interest as the children of Garnett McMillan, deceased, in the estate of Robert McMillan, their grandfather, deceased. This bill was filed at the October term, 1878, of Habersham superior court. R. E. McMillan, the executor, filed his answer and cross-bill to this bill, on the 20th of October, 1879, in which, among others, he alleged that General Toombs held a claim by account against the estate upon which there was due eleven hundred and fifty dollars. He prayed that Toombs be made a party. On the 29th of April, 1880, Toombs acknowledged service on this cross-bill. At the August term, 1880, of said court, by consent of the executor, R. E. McMillan, and Mrs. Wilson, the guardian of her children, a decree was taken, by which certain lands belonging to the estate of Robert McMillan were vested in her children. On the 24th of November, 1881, General Toombs answered the cross-bill filed by the executor, in which he admitted the indebtedness of the estate of Robert McMillan to him, as alleged in the cross-bill of the executor. At the February term, 1882, General Toombs came into court and asked for a trial of the case made by himself. This was at first

refused, but afterwards allowed, and the executor excepted. At the September term, 1884, the case was tried and resulted in a verdict for the executor. Toombs moved for a new trial, which the court granted, and this is likewise excepted to, and errors are assigned on these exceptions.

1. The first point made by plaintiff in error is that, when General Toombs came into court, there was no case in court; that the same had been finally disposed of at the August term, 1880, when the consent decree was taken on the bill filed by Mrs. Wilson against the executor. There was no decree taken at that time dismissing the bill, and as between the executor and General Toombs, the matters remained *in statu quo.* The cross-bill was still pending, and was not affected by the decree rendered by consent in favor of Mrs. Wilson's children and the executor. Toombs was no party to this decree, and no matter between himself and the executor was adjudicated thereby. So we think the court did right to allow a hearing of the case between the executor and General Toombs.

2. The next assignment of error is that the court erred in granting the new trial. In this we think the court did right; to have refused the new trial would have been manifest error.

3. The cross-bill of the executor alleged that Robert Toombs " had an account against the estate upon which there was a balance due of eleven hundred and fifty dollars." This was an acknowledgment of the debt sufficient to take it out of the statute of limitations, under section 2935 of the Code. The court could have decreed for Toombs, without the intervention of a jury, as there was no issue of fact between him and the executor to be tried by a jury. The court erred in not construing the cross-bill of the plaintiff in error and stating the legal effect of the same to the jury. So we sustain the cross-bill of exceptions filed by the defendant in error, and upon the whole, affirm the judgment of the court below.

Judgment affirmed.