### Tift *vs.* Collier *et al.**

Where suit was brought against an administrator, a plea of *plene administravit* filed, and verdict rendered in favor of the plaintiff for a certain sum of money to be paid from the estate of the decedent, before the judgment creditor would be entitled to file a bill and recover from the distributees of the estate, who had received sufficient property from the administrator to have paid the debt, he should show that all of his remedies against the administrator and the sureties on his bond have been exhausted. In the absence of any proof that the administrator or his sureties were insolvent, or that his effects were beyond the jurisdiction of the court, the creditor would not be entitled to recover against the distributees. Nor was an entry of *nulla bona* on the execution issued on the judgment above stated sufficient for that purpose.

February 26, 1887.

Administrators and Executors. Actions. Before Judge Bower. Dougherty Superior Court. April Term, 1886.

Reported in the decision.

R. F. Lyon; W. T. Jones, for plaintiff in error.

D. H. Pope; G. J. Wright, for defendants.

Blandford, Justice.

Tift filed his bill in chancery against the defendants, as

*Hall, J., being disqualified, Judge Marshall J. Clarke, of the Atlanta circuit, was appointed to preside in his stead.

the distributees under the will of George W. Collier, de-ceased, for the purpose of compelling these distributees to pay a debt to him which George W. Collier, their ancestor and testator, owed at the time of his death. This bill was answered by the defendants. At the trial of the case, the same was left to the determination of the presiding judge without the intervention of a jury, and he found for the defendants. This judgment is excepted to, and error is assigned on the same.

It was shown upon the trial, by proof submitted by the plaintiff, that the defendants had received enough from the estate of George W. Collier to pay this debt of the complainant. The complainant also introduced the record of a suit between himself and Joel R. Forrester, as administrator *de bonis non* with the will annexed of George W. Collier, in which suit Tift claimed that the estate of Collier was in debt to him a certain sum of money. The defendant pleaded *plene administravit*, and no assets. The jury found the following verdict:

"We, the jury, find for the plaintiff the sum of $695.87, with interest from the first of April, 1873, the money to be paid out of the estate of George W. Collier."

Upon this verdict a judgment was rendered, which judgment was in favor of the plaintiff for the sum found by the jury, to be levied upon the goods and chattels, lands and tenements of George W. Collier at the time of his death, in the hands of Joel R. Forrester, administrator, etc., to be administered. Upon this judgment a writ of execution issued, which writ of execution commanded the sheriff that of the goods and chattels, lands and tenements of Joel R. Forrester, administrator of George W. Collier, deceased, they cause to be made the sum of money found by the jury; and upon this writ of execution there was a return of *nulla bona* by the sheriff. There was no proof offered to show the insolvency of Forrester, the administrator, or of the sureties on his bond; nor were any other proceedings introduced against Forrester or his sureties, to show

that the remedies of the plaintiff had been exhausted against them. So the question arises, whether the plaintiff was entitled, under these facts, to a verdict.

In the case of *Jones vs. Parker*, 60 *Ga.* 500, it was held by the court that, " according to the facts as pleaded and proved, it does not appear but that the creditor has ample remedy against the administrator at law, without pursuing assets which seem to have been administered to the satisfaction of the administrator and the heir. Unless the administrator is insolvent, or his effects are beyond the jurisdiction, the creditor has no occasion to appeal to a court of equity, or to the equitable powers of a court of law," to enforce any right which he may have against the heir or distributee. Before the heir or distributee can be proceeded against by the creditor of an intestate or testator, he must prove and show that all of his remedies have been exhausted against the administrator and the sureties on his bond. This rule is founded upon reason and justice. The fact that an administrator or executor distributes the estate of his testator or intestate to the heir or distributee, is evidence that he has sufficient in his hands to pay all outstanding debts; and this presumption must be negatived by a creditor who seeks to reach the property of the testate or intestate in the hands of the heir or distributee for the payment of his debt, before he will be allowed to do so. In this case, the plaintiff wholly failed to prove that he was without remedy against the administrator, and therefore we think that the judgment of the court below finding in favor of the defendant was right. The plaintiff failed to prove his case; and it stands like any other case which may have been submitted to a jury. Where the plaintiff fails to establish a case against the defendant, a verdict must necessarily result in the latter's favor.

We affirm the judgment of the court below finding in favor of the defendant in this case.