McMillan *et al. vs.* Toombs.

## McMillan *et al. vs.* Toombs.

1. An executor having notice of an outstanding debt against his testator, cannot administer to himself, as devisee or heir at law, any portion of the realty in kind, so as to hold it free from the ordinary legal lien of a judgment *de bonis testatoris* subsequently rendered against him in favor of the creditor.

2. And a claim interposed by him in his own behalf and as agent for another devisee or distributee, setting up, not a several title in either, but a joint title in both, will not prevail against a levy upon the property as the property of the testator in the executor's hands to be administered.

3. The excluded evidence being offered to show only that before the creditor commenced his suit the time appointed by the will for making distribution had arrived, and that the estate had been fully distributed and divided, in terms of the will, amongst the testator's heirs, including the two claimants, and there being no suggestion or offer to prove that any distribution took place before notice was received of the creditor's demand, nor that partition of the property levied upon had ever been made between the two claimants, even up to the time of trial, the rejection of the evidence was immaterial, as its admission could not rightfully have influenced the result.

April 4, 1887.

Administrators and Executors. Estates. Wills. Evidence. Claims. Before Judge Estes. Habersham Superior Court. September Term, 1886.

Reported in the decision.

Crane & Jones; E. K. Lumpkin, by J. H. Lumpkin, for plaintiffs in error.

Barrow, Erwin & Thomas; W. M. & M. P. Reese, for defendants.

Bleckley, Chief Justice.

An execution in favor of Toombs against McMillan, executor of McMillan, directing the seizure of property of the testator in the hands of the executor to be administered,

was levied upon certain real estate. The sheriff's entry recites that the property was pointed out by the executor. The executor, as an individual, filed a claim. That claim was in his own behalf, and as agent for another McMillan, and asserted not a several title in each, but a joint title to the whole property levied upon. It was simply a claim by the executor for himself, and as agent for his co-claimant. A trial was had, and a verdict was rendered for the plaintiff. The evidence introduced in behalf of the plaintiff was the testimony of a witness who proved that the testator was in possession of this property, and that after his death, the executor and his brother, the other claimant, occupied the main house levied upon, the Grove house; and that the executor was still in possession at the time of the trial; also an answer made in 1879 to some bill touching this estate, in which the executor specified this property as among the assets derived from the testator, and also recognized a debt in favor of Toombs, of an amount corresponding to the principal of this *fi. fa.* With that answer was also in evidence an answer of the other claimant to the same bill, in which he adopted said answer as his own. We think there is enough to connect the present case with a former case between the executor and Toombs, reported in 74 *Ga.* 535, but we do not look to that former case in adjudicating this. We rest it upon the facts appearing in the rocord proper to this particular case.

After this evidence was in, the claimant offered the will of the testator, for the purpose of showing that by the will the time for distributing the estate had arrived, not before the executor had notice of this claim, but before any action was commenced on it. The will was rejected. The executor offered himself as a witness to prove that he had in fact distributed among the heirs, and divided the estate according to the terms of the will, not before he received notice of this claim, but before any action was brought by the creditor upon it. This evidence also was rejected; and

the rejection of the evidence as a whole, the rejection of the will, and the rejection of the testimony of the executor, were made the grounds of a motion for a new trial, which motion was denied.

We look to the case, first, as if the executor alone were the claimant, and treated in that way his position is this: he received this property as assets; he had notice of the creditor's claim; and he administered to himself these assets before the creditor brought his suit; and therefore the assets are not subject to the lien of the judgment.

We do not think this position can be upheld, nor anything like it. He could not, with notice of an outstanding debt unpaid, take the land of the estate and make it his own by assenting to the devise, if it was devised; and no matter whether it was devised or not, he was charged with the administration of it; if it was undevised estate, he had, as executor, the duty of administering it as if it had been devised. Code, §2445. It was his duty to hold or sell the property to pay the debt, if necessary; and it was necessary, we take it, from the fact that when he was called on for assets by the sheriff, he pointed out this property to be levied on. He did not furnish any other assets with which to pay the execution, but pointed out this property, and there was no effort to show that there were any other assets to pay it with, either when the judgment was rendered or afterwards.

1. An executor having notice of an outstanding debt against his testator, cannot administer to himself, as devisee or heir at law, any portion of the realty in kind, so as to hold it free from the ordinary legal lien of a judgment *de bonis testatoris* subsequently rendered against him in favor of the creditor. This exact point has not heretofore been decided, but former decisions furnish an atmosphere if not a light for the present ruling. *Scranton vs. Demere*, 6 *Ga.* 93; *Demere vs. Scranton*, 8 *Ga.* 43; *Caldwell vs. Montgomery, Id.* 106; *Johnson vs. Lewis, Id.* 462; *The Justices vs. Moreland*, 20 *Ga.* 145; *Griffin vs. The*

*Justices,* 22 *Ga.* 590 ; *Yerby vs. Matthews,* 26 *Ga.* 549; *Jones vs. Parker,* 55 *Ga.* 11 ; *Castellaw vs. Guilmartin,* 58 *Ga.* 305 ; *Wynn vs. Bryce,* 59 *Ga.* 529 ; *Redd vs. Davis, Id.* 823; *Jones vs. Parker,* 60 *Ga.* 500 ; *Long vs. Mitchell,* 63 *Ga.* 769 ; *Tift vs. Collier,* 73 *Ga.* 194. And see code, §§2467, 2531, 3152. Also, as remotely related, *Compton vs. Pitman,* 49 *Ga.* 618 ; *Amis vs. Cameron,* 55 *Ga.* 449; *Wall vs. Jones,* 62 *Ga.* 725.

There is no case in which an executor or administrator has been suffered to administer to himself against a creditor of whose claim he had notice. If in a regular and legal method he administers to others, and there is no fraud, that will do ; but we have not found a case where he has administered to himself with full notice, and then defied the creditor when the execution came against him.

2. Passing now to the other claimant, it will be observed that he also had this same notice apparently ; but whether he had or not, there is no attempt in this claim to set up any several title in him, but to stand upon a tenancy in common with the executor. He could not be tenant with the executor in his representative capacity ; and the executor did not take any estate by the distribution to himself that would admit of his being in his individual capacity a tenant in common with his co-claimant. So we think that title set up as a tenancy in common between them could be no more available to one claimant than the other. If it is defeated as to one, it is defeated as to both, and cannot prevail to hinder a sale under this execution. It was not suggested that there had been any partition of the property levied upon so as to give the co-tenant any part of it in severalty. We think that they are both in the same boat, and that they must go down together. A claim interposed by the executor in his own behalf and as agent for another devisee or distributee, setting up not a several title in either, but a joint title in both, will not prevail against a levy upon the property as the property of the testator in the executor's hands to be administered.

3. The excluded evidence being offered to show only that, before the creditor commenced his suit the time appointed by the will for making distribution had arrived, and that the estate had been fully distributed and divided, in terms of the will, amongst the testator's heirs, including the two claimants, and there being no suggestion or offer to prove that any distribution took place before notice was received of the creditor's demand, nor that partition of the property levied upon had ever been made between the two claimants, even up to the time of trial, the rejection of the evidence was immaterial, as its admission could not rightfully have influenced the result.

Judgment affirmed.