16639.  TREADAWAY *v.* HARRIS, trustee, etc.

BLOODWORTH, J.  The court did not err in its rulings on the pleadings, and properly overruled the motion to dismiss the petition.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 10, 1925.

Complaint; from city court of Floyd county—Judge Bale.  June 6, 1925.

In this action G. A. H. Harris Jr., trustee in bankruptcy of T. J. Treadaway, sought to recover from the bankrupt's wife, Amanda Treadaway, rents of land which the bankrupt had conveyed to her by a deed cancelled by a decree in equity in a suit of the trustee in bankruptcy in the United States district court, as having been executed in fraud of creditors.  From the petition it appears, that the deed mentioned was executed on November 30, 1917; that in 1922 T. J. Treadaway was adjudicated a bankrupt; that in 1923 the trustee in bankruptcy filed the suit in the United States court to cancel the deed, and on August 3, 1923, a decree adjudicating it to be void and cancelling it was rendered; and that from the time of the execution of the deed until November 8, 1924, the defendant remained in possession of the property conveyed, claiming it under that deed, and receiving the rents, issues and profits arising from it; it is alleged that a reasonable rental for the building on the land during the time of such possession would be $25 a month, amounting to the total sum of $2085, and the plaintiff prays that he have judgment for that sum.  ·

The defendant demurred to the petition as follows:  Under the facts stated in the petition the plaintiff is not entitled to judgment for rents, issues, and profits from the land described arising prior to the decree mentioned; for under the rules of law and equity in causes for the recovery of real estate, separate suits are not allowed for the recovery of the property and for the recovery of rents, issues, and profits, the rule being that these two claims shall constitute one suit.  Plaintiff, having elected to sue for the land without claiming rents, issues, and profits, can not now maintain this suit for them.  By amendment the defendant demurred further on the ground that the said real estate was made subject to the debts of T. J. Treadaway through the plaintiff as trustee in bankruptcy, and under this state of facts the defendant, as the wife of Treadaway, is not personally liable for the rents and profits as

claimed.   The defendant moved to dismiss the petition because its allegations show that the alleged cause of action is an equitable cause, and the court in which it was brought has no jurisdiction to hear and determine a cause in equity.   The court overruled the demurrer and the motion to dismiss the petition.

The defendant in her answer admitted the material allegations of fact in the petition, except as to the amount of the rent, and in paragraph 2 alleged:   "Said decree contained the following clause, to wit:  'Amanda Treadaway is hereby ordered and directed to make and sign an instrument in writing, releasing and relinquishing all rights or claims she may have in and to said property, and to execute such instrument in the presence of witnesses as required by the laws of the State of Georgia, and file the same with the clerk of the superior court of Floyd county, Georgia; this to do within twenty days from this date.   Upon failure so to do this decree shall operate as a cancellation of all rights or claims she may have in and to said property, and vest the same in said trustee in bankruptcy of the estate of Thomas J. Treadaway, bankrupt.'   Defendant alleges that she did not make and execute deed as directed, and that said decree did not become operative until August 23, 1923."   In paragraph 5 of the answer "defendant says that said plaintiff is not entitled to receive rents, issues and profits from the premises described in said petition until after the 23d of August, 1923, because of the terms and conditions stated in said decree hereinbefore alleged.   Defendant further says the reasonable rents, issues, and profits of said premises received by her, with interest thereon, amounted to $......after paying taxes, insurance, and repairs on said premises."   The court on demurrer struck the two foregoing paragraphs of the answer.   The demurrer to paragraph 2 was on the ground that it set forth no defense. The demurrer to paragraph 5 was on the following grounds:   It does not appear in said paragraph or elsewhere in the answer that in the cause determined in the United States court there was any issue raised or decided with reference to rents, issues, and profits from the property.   No defense is set forth in said paragraph.   The defendant fails to state any specific sum as a proper amount to charge against her in this suit.   The defendant fails to allege what amount she has expended for improvements, repairs, and taxes on the property.   Such sums are not proper charges if set

off against the plaintiff's demand, and can not be pleaded as a defense to this suit. The case came to this court on exceptions to each of the rulings stated.

*E. P. Treadaway, Lamar Camp, L. A. Dean,* for plaintiff in error, cited: 12 Ruling Case Law, 642, par. 149, notes 9 and 10; 61 *Ga.* 602 (3); 7 *Ga.* 246, 257-8; Civil Code (1910), § 5576; 133 *Ga.* 493, 496; 126 *Ga.* 196, 201; 95 U. S. 3, 9; 154 U. S. 631.

*Maddox, Matthews & Owens, Willingham, Wright & Covington,* contra, cited: 61 *Ga.* 602 (3), 607; 68 N. E. 676 (4); 7 C. J. 113; Bankrupt act, 1898, sec. 70-a (4), 67-e; Civil Code (1910), § 5576; 143 Fed. 201 (2); 152 Fed. 41, 52; 100 U. S. 100.