*R. H. Ferrell,* for plaintiff.  *Milner & Farkas,* for defendant.

------

### 12673.  STEWART *v.* SISK.

STEPHENS, J.  1.  The ability to buy, required in a purchaser obtained by a real-estate broker as a condition to the broker's right to earn a commission for his services, is the final ability to meet the required terms of the sale.  It does not mean solvency or ability to respond in damages for a breach of the contract.  *Shaw* v. *Chiles,* 9 *Ga. App.* 460 (2) (71 S. E. 745).  The fact that the purchaser, at the time of his procurement by the broker, owned real estate upon which a homestead had been taken would not necessarily affect the purchaser's ability to meet the terms of the contract of sale.

2. The charge of the court, even if it contained an inaccurate statement of the evidence, as contended in the fifth ground of the amendment to the motion for a new trial, could not have misled the jury, since such alleged misstatement did not pertain to issues upon which the case was tried and determined.

3. The court having charged the jury that it was an issue of fact whether or not any contract existed as alleged by the plaintiff, and that the burden was upon the plaintiff to prove the existence of the contract, a statement elsewhere in the charge, that " the plaintiff contends that he did all that his contract required and that the sale was not consummated because the defendant refused to do her part," and that " the defendant contends to the contrary, and therefore you have before you an issue of fact or facts to determine," was not subject to the objection that it expressed an opinion favorable to the existence of a contract.

4. Under the foregoing rulings the petition was good as against the demurrers interposed, and the grounds of the motion for a new trial are without merit.

5. The petition was otherwise good as against the demurrers interposed, and the evidence authorized the verdict rendered in behalf of the plaintiff.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 24, 1922.

ADHERED TO ON REHEARING, SEPTEMBER 30, 1922.

Complaint; from city court of Elberton — Judge Grogan.  May 18, 1921.

*Z. B. Rogers,* for plaintiff in error.  *J. T. Sisk,* contra.