DECIDED JANUARY 25, 1930.

*Perry & Tipton,* for plaintiff in error.
*Smith & Ferguson,* contra.

### 19784. LYLE v. ETHERIDGE.

STEPHENS, J. 1. Whatever may be the reciprocal duties imposed by law on a real-estate broker and his principal, the relationship is one of mutual confidence, and the law requires that the broker, in the discharge of his duties, act towards his principal in the utmost good faith. Civil Code, § 4627. Although a real-estate broker, when obtaining for the owner of real estate a tenant for the property, is under no duty, arising out of the relationship to his principal, to guarantee the financial standing of the lessee and the lessee's ability to perform the proposed lease contract, yet where the broker makes a knowingly false representation to his principal, the owner of the property, as to the financial standing of the lessee and the lessee's ability to perform the proposed lease contract, and thereby induces the principal to accept the tenant procured by the broker and to pay to the broker a commission for his services in procuring the tenant, he thereby perpetrates a fraud upon his principal, for which the principal, in a suit against the broker, may recover for the damage sustained.

2. Where the lease contract procured by the broker and entered into between his principal and the lessee obligates the lessee to make improvements of a considerable value upon the property, which would inure to the benefit of the lessor, and where the lessee is financially unable to make the improvements and thereby comply with the contract, to the lessor's damage, and where by reason of such financial inability the lessee fails to make the improvements and repudiates the contract, the amount of the damages recoverable from the broker for fraudulently procuring the contract and obtaining from the lessor commissions for the services is at least the amount of the commissions which the lessor paid to the broker.

3. In a suit by the lessor against the broker, to recover an amount in damages in excess of the amount which the plaintiff had paid to the defendant as a commission for procuring the lease contract, where the court instructed the jury that the plaintiff's measure of damages, in the event the jury should find the defendant liable, was in an amount at least equal to that which the plaintiff had paid to the defendant as a commission, and where the verdict for the plaintiff was only in an amount equal to the amount of the commission, an instruction by the court to the effect that the jury would be authorized, in the event of a verdict for the plaintiff, to assess punitive damages against the defendant, even if erroneous and not adjusted to the issues made by the evidence, was nevertheless harmless to the defendant.

4. While the evidence was conflicting, that adduced by the plaintiff authorized the verdict for the plaintiff. The court properly charged the contentions of the defendant, and, fairly to the defendant, submitted the issues presented by the pleadings and the evidence. No error of law appears; and the judge of the superior court did not err in overruling the certiorari brought by the defendant, excepting to the judgment of the appellate division of the municipal court of Atlanta, which affirmed the judgment of the trial judge in that court overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 25, 1930.

*Alston, Alston, Foster & Moise, William Hart Sibley,* for plaintiff in error.

*C. H. Feagan, Augustine Sams,* contra.