### 54728. LUMPKIN et al. v. NORTH AMERICAN ACCEPTANCE CORPORATION et al.

DEEN, Presiding Judge.

The appellee corporation filed suit against the Lumpkins on an overdue note, and was granted a summary judgment from which the makers appeal, on the ground that the corporation is equitably estopped to enforce any liability against them personally.

The note in question was secured by a deed to secure debt to the Lumpkin residence. The owners, dealing with a realtor, listed the house for sale and indicated their intention of buying another, for which, however, they lacked the down payment until their own was sold. The realtor, Scott, suggested that they borrow the money on the house, pay the down payment and brokerage fee, and purchase a new home. He assured them that the liability would be that of the purchaser of the encumbered residence; that they would have no liability in the matter; that they were to transfer the house to him, he would assume full responsibility for the loan, and they would not

owe anything on the note. In point of fact the property, thus encumbered by the Lumpkins, was transferred to Scott and by him sold to a purchaser who, for some four years, continued to make the loan payments. He eventually became in default, and the creditor elected to bring an action on the note directly against the appellants.

We are not concerned with defendants' third-party action against Scott but only with that of North American. Assuming that, under the decision in *Thompson v. First Nat. Bank &c. Co.*, 142 Ga. App. 174 (235 SE2d 582), misleading statements by agents of the corporation that the maker would have no liability would amount to an equitable estoppel to pursue an action against him, it is alleged only that these statements were made by the real estate broker, and there is no evidence that the broker was an agent of or acting for the plaintiff. Lumpkin testified by deposition that he "told North American about it . . . called and told them that the transaction *had taken place* on the property." Asked whether North American confirmed that they were taking the loan out of the defendants' name and putting it in that of the broker he replied, "Well, I never did get any confirmation from them, but it was understood at the time. When I borrowed the money, I discussed what effect it would have if I had a loan and sold my house; and they told me it would have no effect on the loan . . . they told me the house would cover the loan . . . if I borrowed money against it, whoever took the house would have the loan also." North American never agreed to substitute either Scott or the ultimate purchaser for the Lumpkins on the secured loan. There is no shred of evidence that it misled them into believing this would be or had been done; in fact, the deposition indicates that the entire transaction took place between Lumpkin and the broker, that some unidentified agent of North American was merely informed of Lumpkin's understanding of what had occurred and replied that "the house would cover the loan." This does not amount to either intended deception or gross negligence such that, under Code § 38-116, an equitable estoppel would arise.

The court properly granted the plaintiff's motion for

summary judgment.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Argued October 6, 1977 — Decided October 26, 1977.

*Novy & Rumsey, Penelope W. Rumsey, Eugene Novy,* for appellants.

*Hugh M. Dorsey, III, Lewis N. Jones, Leslie P. George,* for appellee.