## 33564. SIMMONS v. WOOTEN et al.

MARSHALL, Justice.

Simmons filed this action against his grantor, two persons allegedly illegally in possession of portions of the realty he had purchased, and his attorney, who had represented him in connection with the purchase. The complaint as amended alleged substantially that the plaintiff was "unable to read"; that his grantor deliberately and intentionally misrepresented to him that she was conveying 38.8 acres of land in order to induce him to pay an additional $12,000 cash payment and assume her mortgage; that his attorney was to check the deed records and execute a certificate of title stating that he had checked the deed records, that the grantor had marketable title to 38.8 acres, and that she could convey good title to the plaintiff; that in fact the deed conveyed only 29.8 acres. The prayers for relief were for the deed to transfer 38.8 acres or, in the alternative, that he recover the $12,000 cash payment, that the grantor's mortgage assumed by the plaintiff be canceled, and that the plaintiff be restored to his original position; for actual and punitive damages and attorney fees; and for a permanent injunction against the two defendants' occupying "plaintiff's land."

All of the defendants filed motions for summary judgment. The trial judge granted summary judgment in favor of the grantor and the two contended trespassers, from which judgment the plaintiff appeals.

1. The grant of summary judgment in favor of the two alleged trespassers was correct. The showing on the motions for summary judgment was that these defendants both held valid record title, both before and after the conveyance in question, to two tracts of land surrounded on three sides by the land conveyed by the plaintiff's deed. Accordingly, it appears as a matter of law that the defendant grantor could not have conveyed their

land to the plaintiff, and that an injunction would not lie to enjoin their occupancy of their own land.

2. The grant of summary judgment in favor of the defendant grantor was likewise correct.

Part of the contended basis of the alleged fraud was the alleged misrepresentation by the grantor that she was conveying more acreage than the deed in fact conveyed. However, " 'Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument.' Code § 38-501. 'All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony.' [Cits.]" *Dixie Belle Mills v. Specialty Mach. Co.,* 217 Ga. 104, 105 (120 SE2d 771) (1961); *F. C. Brooks & Sons v. Shell Oil Co.,* 226 Ga. 435, 437 (1) (175 SE2d 557) (1970). See also *Fields v. Davies,* 235 Ga. 87 (2) (218 SE2d 828); *Harper v. Hesterlee,* 152 Ga. 251 (1) (109 SE 902) (1921).

The other element of the alleged fraud is contained in the general allegation merely that the plaintiff was "unable to read." "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620). Although this is a conclusory allegation, in that it does not specify *why* the plaintiff was unable to read, such allegations are permissible under the CPA. *Guthrie v. Monumental Properties, Inc.,* 141 Ga. App. 21 (2) (232 SE2d 369) (1977) and cits. Construing the complaint in favor of the pleader, who is also the party opposing the motion for summary judgment, this allegation, which was neither amplified nor disproved by the showing on summary judgment, is susceptible to the meaning that the plaintiff was unable to read because of illiteracy or ignorance.

"[W]hile there is a wide difference between that class of cases in which one can read and those where one, from illiteracy or ignorance, is unable to read the writing he is induced to sign, and has to rely upon the representations made by the draftsman, *Lee v. Loveland,* 43 Ga. App. 5 (2b) (157 SE 707) to the extent that one who cannot read 'may, ordinarily, rely upon the representation of the other party as to what the instrument is, or as to what it contained;

and his mere failure to request the other party, or someone else, to read it to him will not generally be such negligence as will make the instrument binding upon him,' *Grimsley v. Singletary,* 133 Ga. 56, 58 (65 SE 92, 134 ASR 196); *Pirkle v. Gurr,* 218 Ga. 424 (128 SE2d 490) *Mutual Savings Life Ins. Co. v. Hines,* 96 Ga. App. 442 (100 SE2d 466), cp. *Southern Fertilizer &c. Co. v. Carter,* 21 Ga. App. 282 (1) (94 SE 310); yet, one not having the capacity to read a written contract is not relieved from his obligation of exercising ordinary diligence, *Robertson v. Panlos,* 208 Ga. 116, 119 (65 SE2d 400), to ascertain the contents of the writing . . ." *Smith v. Agan,* 111 Ga. App. 536, 537 (1) (142 SE2d 291) (1965).

" 'Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury.' *Elliott v. Marshall,* 179 Ga. 639, 640 (176 SE 770) [1934]." *Pirkle v. Gurr,* 218 Ga. 424, supra, p. 426. However, "[a]n equitable action to cancel a deed on the ground of fraud, which clearly shows that the complainant failed to use even slight diligence to discover the fraud, fails to allege a cause of action." *Whitfield v. Whitfield,* 204 Ga. 64 (1) (48 SE2d 852) (1948).

In the case sub judice, even if it be found that the grantor's fraud existed, the plaintiff's failure to exercise proper diligence appears as a matter of law. It does not appear that there was either a confidential relation between the parties or that the plaintiff was prevented, by artifice or fraud, from making an inspection to determine the truth or falsity of the alleged representation. See *Westbrook v. Beusse,* 79 Ga. App. 654 (54 SE2d 693) (1949). The showing here was that the plaintiff was represented by counsel of his own choosing in all aspects of his land purchase transaction with the grantor; that, prior to the execution of the sale contract and the warranty deed, plaintiff had a surveyor of his own choosing make a survey of the property, and the plaintiff was shown the actual boundary lines on the ground; that the plaintiff had actual and constructive notice of the possession and occupancy of the disputed land by the two defendant landowners prior to the closing of the sale, yet failed to bring this to the attention of his attorney prior to

the closing of the sale; that the plaintiff executed a contract of sale as the purchaser, a warranty deed (prepared by his own attorney), and a security deed, all of which described the same approximately 29.8 acres; that the plaintiff executed the above documents without asking anyone besides the grantor (and the plaintiff's attorney) to read them to him; and that the plaintiff raised no objections as to any deficiency in acreage in the deeds until some two years after the closing of the sale, at which time he brought the present action.

There was no showing of collusion between the defendant grantor and the defendant plaintiff's attorney for the purpose of fraud. The only conceivable claim was against the defendant attorney, the ruling on whose motion for summary judgment is not before us on this appeal. Where allegations as to fraud are only marginally adequate, and are not amplified on the summary judgment hearing by affidavit or otherwise, the respondent has failed to come forth with facts showing that there is a genuine issue for trial. *Hannah v. Shauck,* 131 Ga. App. 834 (2) (207 SE2d 239) (1974) and cits.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Hall, J., who dissents.*

SUBMITTED MAY 5, 1978 — DECIDED JUNE 9, 1978 — REHEARING DENIED JULY 6, 1978.

*John N. Crudup,* for appellant.
*Kenneth R. Keene, Edward E. Strain, III, Stanley R. Lawson,* for appellees.