## 58835. SCOTT v. LUMPKIN et al.

DEEN, Chief Judge.

The plaintiff appellees listed their home for sale with appellant's real estate firm, and also engaged him to find a new residence for them. Two exclusive listings have expired, the Lumpkins instructed Scott to remove the sign, but relented and gave him a few more days. The evidence supportive of the verdict establishes that within the week Scott had produced a home they wanted to buy (and later a buyer for the home they wanted to sell) but the hitch was the down payment. At that time, according to the Lumpkins' testimony, Scott had suggested that Lumpkin take out a loan in the amount of the equity in his old home, which by agreement was $2,500, and use the money to make the down payment on the new house, Scott orally agreeing to buy the old house in his own name, assume the loan, and hold it until he could make a sale. Lumpkin testified: "He said, 'I'll assume your loan, and I'll sell your home. You won't have nothing to worry about. Just let me handle that.'" Lumpkin did borrow the $2,500 by putting a second mortgage on his old home and turned over $1,850 to Scott, a part of this being used for the real estate commission and a part for down payment on the new house. The deed to the former home was made directly from Lumpkin to the purchaser, Alice Jones, wife of a real estate manager of one of the firm members for whom Scott worked. Only Scott, Lumpkin and an attorney were present at the closing. Lumpkin testified that he

knew nothing about Alice Jones buying his house. At the closing he signed two documents: a closing statement showing him as selling the property to appellant Scott, and a warranty deed showing him as selling to Alice Jones. The warranty deed makes no mention of the second mortgage but recites that the property is subject to the lien of the first loan. The closing statement made out with Scott recites that Scott assumes and agrees to pay the first mortgage. Opposite the printed statement "Balance due seller" appears the figure 1,771.17. Between these two entries is typed "Approximate balance of loan held by North American Acceptance Corporation" with no figures beside it. Lumpkin testified that these words were added to the closing statement when he remonstrated there was no mention of the second mortgage, and that Scott assured him the addition relieved him of personal liability. His explanation of his signature on the deed to Mrs. Jones was that after the words were added to the closing statement he did not make any further examination of the papers he was given to sign, relying on Scott's assurance that this was sufficient.

When this case was here before (143 Ga. App. 666 (239 SE2d 554) (1977)) on North American's action against Lumpkin on his promissory note, Lumpkin, alleging in part the facts set out above, joined Scott as a third-party defendant. It was there held that Lumpkin was liable on the note and that North American had never agreed to substitute either Scott or the ultimate purchaser for the Lumpkins on the secured loan. The grant of summary judgment to the corporation was affirmed.

The third party action then went to trial and resulted in a verdict for actual and punitive damages and attorney fees.

1. The appellant Scott contends that any promise to take title to the home place was oral, that the deed which Lumpkin signed transferring the property to Jones clearly showed he, Scott, was not the purchaser, that no effort was made to keep Lumpkin from reading that deed and accordingly Lumpkin has no right of action against him. The general rule is that one who can read, and is not prevented from reading by trick or artifice, cannot complain that what he signed was not what he had

intended. *McCullough v. Kirby,* 204 Ga. 738 (51 SE2d 812) (1949). Was there a fiduciary relationship between these parties and does this affect the general rule? "When the [real estate] agent, instead of using his skill to remedy his principal's ignorance of the law, expressly misinforms him in respect thereto, and, instead of furthering the client's interest, in opposition thereto furthers his own, the contract of agency is subverted from the very foundations; and to allow the agent to reap any advantage from such a violation of his contract and duty would be utterly antagonistic to every principle of right, reason, and law." *Williams v. Moore-Gaunt Co.,* 3 Ga. App. 756, 760 (60 SE 372) (1907). The relationship, as stated in the first headnote, is therefore both confidential and fiduciary, and will hold the agent responsible for misrepresenting to the principal the legal consequences of his actions. Knowingly false representations by a broker which induce the sale to the detriment of the seller are fraudulent and actionable. *Lyle v. Etheridge,* 40 Ga. App. 808 (151 SE 531) (1929). In the present case it was a jury question as to whether the third-party defendant used a trick or artifice to obtain Lumpkin's signature on the deed, by failing to tell him that the closing statement was inaccurate, or that Scott was not in fact the buyer of the house, that he was not assuming an obligation to pay the secured loan from North American, that the actual buyer was a person unknown to him, not present at the closing and who also was not assuming the second mortgage. The jury might have believed Scott's explanation, which was that the deception was entirely innocent, that the papers had been prepared with the purpose of Scott buying the house, that the new purchaser appeared on the horizon at the last moment and there was no time to change any of the papers except the deed itself. But it was not compelled to do so. The jury obviously did not believe that this explanation accounted for the fact that not only did Scott not put the property in his own name, but neither he nor anyone else assumed the secured loan on the property. Where a confidential relationship exists, concealment when there is a duty to disclose, if resulting in injury is itself actionable fraud. *Ringer v. Lockhart,* 240 Ga. 82, 84 (239 SE2d 349) (1977). There was no error in failing to

direct a verdict for the defendant on this issue.

2. The appellant further contends that he is entitled to a judgment notwithstanding the verdict because his promise to purchase the property and assume the mortgage, although admitted by him, is not actionable under the Statute of Frauds, Code § 20-401 (2), as not having been in writing. We agree that actionable fraud cannot be based merely on statements referring to future events, or merely promissory of future acts. *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427) (1958); *Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756) (1952). Scott did more than promise. He encouraged Lumpkin to place a second mortgage on his home. He asked for and accepted the bulk of the sum borrowed on this mortgage. He represented in the closing statement orally and by his signature on the document that he was the purchaser of the house and in his capacity as agent of Lumpkin for the sale, according to Lumpkin's testimony, he induced him to believe that the documentary reference to the loan balance due North American amounted to an assumption by him of this debt. Lumpkin acted on these assurances to his detriment. This defense is without merit. *Brown v. Ragsdale,* 65 Ga. App. 727 (16 SE2d 176) (1941).

3. A motion has been made to dismiss this appeal on the ground that the brief and enumerations of error fail to make adequate reference to the pertinent pages in the record and transcript. As this is not a ground for dismissal, the motion is denied.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 9, 1980 —

*Jerry B. Hatcher, Hugh M. Dorsey, III,* for appellant.
*Eugene P. Novy, Penelope W. Rumsey,* for appellees.