35556, 35557. BUCKNER v. MALLETT; and vice versa.

BOWLES, Justice.

Chester Mallett sued Mrs. E. C. Buckner seeking specific performance of a contract for sale of land or, in lieu of specific performance, damages in the amount of $50,000. Buckner counterclaimed against Mallett alleging fraud and duress and prayed for $275,000 damages. Buckner also filed a third-party complaint against the real estate agent and agency, James K. Huey and Huey Realty, Inc. (hereinafter collectively referred to as Huey), alleging fraud. Huey correspondingly counterclaimed against Buckner for a $13,000 sales commission which he lost when the sales contract fell through.

All parties filed motions for summary judgment. The trial court ruled that:

(a) Mallett was entitled to summary judgment as to Buckner's counterclaim (fraud, etc.);

(b) Huey was entitled to summary judgment as to Buckner's third-party complaint (fraud);

(c) Mallett's complaint presented material issues of fact and, therefore, Buckner was not entitled to summary judgment against Mallett;

(d) Huey's counterclaim against Buckner (sales commission) presented material issues of fact and, therefore, she was not entitled to summary judgment against him on his counterclaim.

Buckner appealed enumerating as error certain of the trial court's findings of fact and all four of these rulings. Mallett and Huey cross appealed, Mallett contending he is entitled to summary judgment in his favor on his complaint and Huey contending that he is entitled to the $13,000 sales commission as a matter of law.

We affirm both the appeal and the cross appeal.

1. The trial court properly granted summary judgment in favor of Mallett on Buckner's counterclaim for fraud, duress, and stubborn litigiousness. There is no evidence or hint of evidence of fraud or conspiracy to defraud in this case. Mrs. Buckner's allegations do not state a claim for fraud nor did the evidence she offered on

the issue raise the question where the allegations failed. The only allegations of fraudulent misstatement are that Huey represented that Buckner's property could only be zoned residential and Mallett represented that he intended to use the property as residential property, when in fact neighboring property had been zoned commercial. First, these have not been shown to be misstatements at all. Second, the first statement is merely an expression of opinion by Huey while the second is a statement of Mallett's expectation and thus neither can form the basis for an action in fraud. *Wilkinson v. Walker,* 143 Ga. App. 838 (1) (240 SE2d 210) (1977). Lastly, Buckner testified that *she* knew her neighbor's property was zoned commercial prior to signing the sales contract for her land and, therefore, she could not have been misled by Mallett and Huey's statements.

On the issue of duress, Buckner testified positively that the pressure to sell her property was coming from her own family although at one point she stated ambiguously "everyone was putting so much pressure on me." Despite this final language, Buckner did state that Mallett kept saying that he wanted her to be sure she knew what she was doing and not decide later that she did not want to sell. Thus Buckner's own testimony affirmatively negatives any duress from Mallett.

There is no evidence that Mallett is being stubbornly litigious in pursuing his cause of action.

2. The trial court properly granted summary judgment in favor of Huey as to Buckner's third-party complaint for fraud. There is no evidence of any fraud in this case. See Division 1 of this opinion.

3. The trial court correctly determined that neither Buckner nor Mallett was entitled to summary judgment on Mallett's complaint as issues of fact remain for determination. Although the sales contract in this case is not a model contract, it is sufficiently definite as to parties, land description, purchase price, and terms of purchase to support an action for specific performance. Even where the contract itself does not contain a sufficiently definite description of the land to be sold, if it contains a key by reference to which a definite description of the land is obtainable, the contract is sufficiently definite. See

Pindar, Ga. Real Estate Law 579, § 18-11 (2d Ed.) and cases cited therein. The key reference in this case was to a plat of the land. The fact that the plat was not recorded is immaterial, so long as it exists. *Shantha v. West Ga. Nat. Bank,* 145 Ga. App. 712 (244 SE2d 643) (1978); *Talmadge Bros. & Co. v. Interstate Bldg. &c. Assn.,* 105 Ga. 550 (31 SE 618) (1898).

The provisions as to release of land upon partial payments of the purchase price are not material to the contract of *sale* so as to vitiate the entire contract. Instead, any vagueness in those release provisions means that the provisions themselves may be unenforceable. *Barnes v. Cowan,* 147 Ga. 478 (94 SE 564) (1917).

Issues of fact remain in the case as to whether Mallett is equitably entitled to enforce this contract against Buckner.

4. The trial court correctly determined that neither Buckner nor Huey was entitled to summary judgment on Huey's counterclaim against Buckner for the sales commission. Buckner has signed a contract which authorizes a sales commission. However, the terms upon which the commission is to be calculated are stated ambiguously in the contract. Parol evidence is therefore necessary to explain or to prove those terms. Pindar, Ga. Real Estate Law 590, § 18-19 (2d Ed.); Code Ann. § 38-502.

*Judgments affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 24, 1980 — REHEARING DENIED FEBRUARY 19, 1980.

*Rolader, Barham, Davis, Graham & McEvoy, William W. Barham,* for appellant.

*Hartley & Reid, G. Michael Hartley, Joseph H. Fowler,* for appellee.