## 70227. MORRISON v. HAYES.
(335 SE2d 596)

DEEN, Presiding Judge.

Hayes owned a house in Columbus, Georgia, which he listed for sale with his next-door neighbor, Mary Lizabeth Rose, in the summer of 1982, and then moved to Florida in September 1982. The house remained unsold until June 1983, when Morrison signed a contract to purchase it. The contract provided that Morrison was to rent the house until the closing, which was to take place within 180 days or upon settlement of a lawsuit, whichever came first. The sale did not close, and on December 7, 1983, Hayes and Morrison executed a second contract giving Morrison an additional 35 days within which to close. The second contract did not contain the contingency clause referring to the lawsuit and it did not close.

Morrison vacated the house and Hayes brought a lawsuit contending that Morrison made certain material alterations to the house which reduced the fair market value of the residence by $3,000; that these actions constituted fraud, and sought $5,000 in punitive damages. Morrison answered, pleading the defense of accord and satisfaction because the plaintiff accepted $1,550 as earnest money and $3,200 as rent money and that the property had been sold to a third party. Morrison counterclaimed, contended in counts one and three that Hayes had libeled him in a letter he received from Hayes' attorney and sought punitive damages for the alleged libel. A second count of counterclaim sought $1,500 for materials and labor in making improvements to the property. Hayes amended his complaint, contending that the alterations made to the property and the representations made by Morrison to third parties as to the structural soundness of the house impaired his ability to sell the property for the same price and upon the same terms as the contract of December 7, and that the defendant committed fraud when he entered into the December 7 contract, because he knew when he entered into the contract that he would be unable to perform within the time provided. Hayes filed a motion for partial summary judgment on the counterclaim and Morrison filed a motion for summary judgment as to the fraud counts of the complaint. Hayes' motion was granted as to those counts of the counterclaim pertaining to the alleged libel, and Morrison's motion was denied. Morrison appeals.

1. The basis for appellant's counterclaim was a letter dated February 24, 1984, which was sent to him by Hayes' attorney. Morrison claimed the letter libeled him because it accused him of committing the crime of criminal damage to property (OCGA § 16-7-23 (a) (1)). The letter stated: "Immediately upon your vacating the property, it was inspected by an agent of Mr. Hayes, and upon such inspection, it was found the house had been damaged by you and your family in

numerous respects." The letter requested payment of $4,350 to cover the estimated damages and a copy of the letter was sent to the listing agent, Mary Lizabeth Rose.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1. Libel per se consists of a charge that one is guilty of a crime, dishonesty, or immorality. *Grayson v. Savannah News-Press*, 110 Ga. App. 561, 566 (139 SE2d 347) (1964). Libel must be false as well as malicious. *Jones v. Neighbor Newspapers*, 142 Ga. App. 365, 369 (236 SE2d 23) (1977).

The allegation that Morrison "damaged" Hayes' property does not, as a matter of law, impute a crime punishable by law. Whether or not words, which are untrue in fact, are actionable depends upon whether the covert meaning attributable to them is understood by the reader in the covert sense. See *Grayson v. Savannah News-Press*, supra at 566. In *Southland Corp. v. Garren*, 138 Ga. App. 246 (225 SE2d 920) (1976), the court found that a statement to a third party that an employee who was "fired for shortages" does not, as a matter of law, impute a crime punishable by law. A jury could find that the words implied dishonesty but "the fact that one is dishonest does not necessarily impute a crime, nor do the words . . . carry the imputation that the plaintiff was guilty of some debasing act, which may exclude her from society." Id. at 249-250. "[W]here the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo." *Burrow v. K-Mart Corp.*, 166 Ga. App. 284, 286 (304 SE2d 460) (1983).

OCGA § 16-7-23 (a) (1) provides: "A person commits the offense of criminal damage to property in the second degree when he: (1) *Intentionally* damages any property of another person without his consent and the damage thereto exceeds $100.00." (Emphasis supplied.) The letter Morrison claims libeled him does no more than report that the house was found to have been damaged by Morrison and his family. There is no reference whatsoever to its being intentionally or criminally damaged in the sense embraced by the criminal statute. "As a general rule, the question of whether a particular publication is libelous is a question for the jury. . . . If its meaning is not ambiguous and can reasonably have but one interpretation, the question is one of law for the judge . . . but 'the trial judge, reading and construing the publication as a whole, may find that it is not defamatory, that it is defamatory, or that it is ambiguous and the question is one for a jury' [Cit.]." *Southern Bell Tel. &c. Co. v. Coastal Transmission*, 167 Ga. App. 611, 613 (307 SE2d 83) (1983). The trial court correctly found the letter not to be libelous as a matter of law.

2. The trial court also did not err in failing to grant appellant's

motion for summary judgment as to appellee's allegation of fraud. The issue to be decided was whether Morrison, at the time he entered into the December 7, 1983, sales contract, intended to perform. The record clearly shows that the original sales contract was not consummated because Morrison did not have the money at the time stipulated for closing. Morrison's own real estate agent's affidavit states that the extension was granted "to give Morrison additional time in which to raise the necessary funds to close." Hayes' agent claims Morrison asked for the extension because they did not have the money to close and he did not want to move his family at Christmas.

The essential elements of an action for fraud are set forth in *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (16 SE2d 176) (1941): (1) the defendant made the representation; (2) he knew the representation was false at the time; (3) he made it with the intention and purpose of deceiving the plaintiff; (4) the plaintiff reasonably relied upon the representation; (5) the plaintiff sustained the alleged loss and damage as a proximate result of the defendant's representation. Morrison made the representation that he would be able to consummate the contract within thirty-five days and the contract did not contain a contingency as did the first one (settlement of a lawsuit). A jury could therefore find that Morrison entered the second contract with the intent to deceive Hayes as he knew that he would not have the funds to purchase the house, and that as a result of Hayes' reliance upon Morrison's representation, the house remained off the market and Hayes suffered damages because he had to continue to make mortgage and insurance payments until he ultimately sold the property for $3,000 less than his contract price with Morrison.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985.

*L. B. Kent, Peter G. Williams*, for appellant.
*J. Barrington Vaught*, for appellee.