A89A0505. COBB v. KENNON REALTY SERVICES, INC. et al.
(382 SE2d 697)

DEEN, Presiding Judge.

In late 1986 the appellant, Danny Cobb, was approximately $4,000 in debt with no job and no assets other than his home. At the same time, Leon Miller, who was the pastor of the church Cobb attended, desired to purchase a house from a William and Georgina Sutherland, for which he needed $14,500 as a down payment in order to assume a mortgage. Kennon Realty Services, Inc., had located the property listed which Miller wanted to buy. Frank Velez, an agent with Kennon Realty Services, suggested to Miller that perhaps Miller could find someone who would secure a loan for him. Miller approached Cobb and proposed that Cobb borrow $18,500, with his home as security. Under Miller's scheme, Cobb would keep $4,000; Miller would get $14,500; and Miller would pay back the $14,500 in a few weeks with money he expected to receive from his church. A local bank extended the loan upon the personal guarantee of Kelsey Ken-

non, and on October 31, 1986, Cobb and Miller executed a security deed in favor of Kennon, regarding Cobb's home and the home bought by Miller.

Of course, things did not work out as planned. Miller never got any funds from the church (which went bankrupt), defaulted on his house note, and also went bankrupt. Cobb alone renewed the note for the loan on March 6, 1987. Subsequently, upon the bank's demand, Kelsey Kennon paid off the note, and on July 16, 1987, Cobb alone executed another security deed on his home in favor of Kennon. When Cobb failed to pay Kennon for the loan pay-off, Kennon foreclosed. Cobb filed suit against Kennon Realty Services, Inc., Kelsey Kennon, Frank Velez, and the Sutherlands, seeking to enjoin the foreclosure and also seeking damages for alleged fraud and conspiracy. Cobb also amended his complaint to allege violations of the Georgia RICO statute and the Georgia Fair Business Trade Practices Act. The trial court denied the injunction request and later granted summary judgment for the appellees. Cobb appeals from that grant of summary judgment.

1. The appellees filed their motion for summary judgment on August 2, 1988. On August 30, 1988, Cobb filed an amendment to his complaint alleging a violation of the Georgia RICO statute, and on October 6, 1988, Cobb amended his complaint to add a claim for an alleged violation of the Georgia Fair Business Trade Practices Act. No new evidentiary material was submitted in conjunction with or in response to either amendment. Oral argument on the motion for summary judgment was had on October 6, 1988, and on October 20, 1988, the trial court entered its order granting summary judgment for the appellees.

In granting summary judgment for the appellees, the trial court considered and ruled on Cobb's amendments to his complaint. Such consideration of and rulings on Cobb's amendments, filed after the appellees' motion for summary judgment but before the hearing or order, was proper, and Cobb's contrary contention is without merit. See *Wagner v. Ford Mtr. Credit Co.*, 155 Ga. App. 729 (3) (272 SE2d 500) (1980); *Haskins v. Jones*, 142 Ga. App. 153 (235 SE2d 630) (1977).

2. Under the Georgia RICO statute, "[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (a). The only "racketeering activity" arguably applicable to this case is that of theft. OCGA § 16-14-3 (3) (A) (ix). However, Cobb failed to allege any "pattern of racketeering activity" in his amended complaint, and the evidence submitted concerned only the one extended transaction be-

tween Cobb and the appellees. Cobb now contends that he could have produced evidence of other transactions perpetrated by the appellees to establish a pattern. However, as the evidence of record before the trial court showed but one transaction, in order to defeat the motion for summary judgment, it was incumbent upon Cobb to produce evidence of a pattern if such existed. *Jenkins v. Roper Corp.*, 185 Ga. App. 219 (363 SE2d 625) (1987).

3. Cobb's execution of the initial security deed provided no basis for Cobb's claim of fraud. The inducements included Cobb's receipt of $4,000 of the loan proceeds, the assurance that Miller would pay back over $14,000 of the indebtedness within a few weeks upon his church being refinanced, and the debt also being secured by the property being purchased by Miller. Cobb got the $4,000 and Miller joined in the security deed, but Miller never paid off the $14,500 because the church went bankrupt. The appellees had nothing to do with the church's refinancing or bankruptcy, and had no idea that Miller would not get the funds as expected. In short, there was no evidence refuting this lack of scienter on the part of the appellees demonstrated by the evidence of record. *Conner v. Branch*, 185 Ga. App. 565 (364 SE2d 890) (1988).

The circumstances surrounding Cobb's execution of the note and security deed in July 1987 provide no actionable basis for a fraud claim, because Cobb incurred no additional liability than what had attached by virtue of his execution of the initial security deed in favor of Kennon. The element of damage essential for any fraud claim is absent. *Stovall Tire & Marine v. Prance Body &c. Works*, 179 Ga. App. 483 (347 SE2d 313) (1986).

There being no actionable claim for fraud shown in this case, the circumstances likewise provide no support for a claim of conspiracy. See *Pickelsimer v. Traditional Bldrs.*, 183 Ga. App. 709 (359 SE2d 719) (1987). Although appellant is in a distressful, sinking position, "[w]e think that they are both in the same boat, and that they must go down together." *McMillan v. Toombs*, 79 Ga. 143, 146 (4 SE 16) (1887).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989 —
REHEARING DENIED JUNE 1, 1989.

*Charles M. Evert, Sakas & Horne, Jeffrey L. Sakas*, for appellant.

*Richard A. Marchetti, Shannon F. Land*, for appellees.