A92A0768. GARCIA v. UNIQUE REALTY & PROPERTY MANAGEMENT COMPANY, INC. et al.
(424 SE2d 14)

SOGNIER, Chief Judge.

Darlena Garcia brought suit against Unique Realty & Property Management Company and its agent Sandra Robertson to recover damages for alleged fraud and breach of fiduciary duty arising from the performance of a residential real estate listing contract. Garcia appeals from the entry of summary judgment for the defendants.

On March 26, 1988, appellant entered into an exclusive listing contract with Unique Realty as broker and Robertson as agent for the sale of a residence owned by appellant. The listing contract provided that appellees would "use [their] best efforts to procure a person ready, willing, and able to purchase the Property at the price and on

the terms specified herein" (although no terms and conditions other than the price were set forth in the listing contract). Appellant contends that in contract negotiations the parties also agreed that appellees would present offers only from "pre-qualified potential purchasers" whose income and credit history had been evaluated to determine whether the prospective buyer could obtain a mortgage and make the necessary payments.

After the listing contract was extended several times, Robertson presented an offer that appellant accepted. This sales contract provided that the buyers would assume appellant's existing mortgage and make a down payment of $6,500 and that appellant would finance the balance of the purchase price, with $5,000 due appellant 90 days after closing and the balance of $25,000 due one year later. Before she accepted the offer, appellant discussed the buyers' financial status with Robertson, who informed appellant that she believed the buyers' annual income was sufficient to support the payments and that their ability to make a down payment in the amount contemplated by the contract indicated their financial strength. Robertson did explain to appellant that owner financing was necessary because the buyers had lived in Atlanta less than a year and had just started a new business, and that because of these short-term circumstances they likely would not qualify for a new mortgage. The parties disagree whether Robertson assured appellant that if the buyers defaulted on the first mortgage appellant would be notified.

The buyers paid the requisite down payment at closing but were unable to pay the $5,000 installment on time. After negotiations, appellant agreed to allow them an additional 30 days, which they met. However, when appellant contacted the buyers a month before the final payment was due, they informed her they would not be able to make that payment. Upon investigation, she learned that they were in default on the first mortgage and that foreclosure was scheduled to occur in a few weeks. Appellant attended the foreclosure sale with the intention of buying the property but was unable to locate the foreclosure attorney before the sale occurred.

1. In her complaint appellant first alleged that appellees negligently or wilfully misrepresented the financial status and creditworthiness of the buyers and that she relied on their representations to her detriment in deciding to accept the buyers' offer and extend owner financing. The essential elements of an action for fraud are as follows: "(1) the defendant made the representation; (2) he knew the representation was false at the time; (3) he made it with the intention and purpose of deceiving the plaintiff; (4) the plaintiff reasonably relied upon the representation; (5) the plaintiff sustained the alleged loss and damage as a proximate result of the defendant's representation." *Morrison v. Hayes*, 176 Ga. App. 128, 130 (335 SE2d 596)

(1985).

We hold the trial court properly granted summary judgment to appellees on the fraud claim because appellees pierced appellant's allegations on the essential element of knowingly misrepresenting or failing to disclose the buyers' financial status and ability to perform the contract. Contrary to appellant's assertions, appellees did deliver what the listing contract required — a buyer "ready, willing, and able to purchase" the subject property — as the buyers appeared at closing and paid the down payment, executed the documents necessary to assume the first mortgage and create the second, and purchased the property. See *Stewart v. Sisk*, 29 Ga. App. 17 (1) (114 SE 71) (1922); compare *Morrison v. Hayes*, supra at 129-130 (2). The representations appellant challenges concerned appellees' assessment of the buyers' ability to perform the further requirements of the sales contract after closing. These statements constituted an expression of opinion, which cannot form the basis for a fraud claim. *Buckner v. Mallett*, 245 Ga. 245-246 (1) (264 SE2d 182) (1980). Appellees likewise cannot be held liable for their failure to foretell accurately the buyers' future behavior after the closing because there is no evidence appellees knew of or could have predicted in advance any subsequent change in the buyers' financial condition, the buyers' later default, or even whether the buyers would make the future payments regardless of their financial ability. See *Cobb v. Kennon Realty Svcs.*, 191 Ga. App. 740-741, 742 (3) (382 SE2d 697) (1989).

2. Appellant also alleged that appellees breached their fiduciary duty owed to appellant. Appellees, as agents, were obligated to exercise toward appellant diligence, loyalty, and absolute good faith, see *Clyde Chester Realty Co. v. Stansell*, 151 Ga. App. 357, 359 (1) (259 SE2d 639) (1979), and any failure of appellees, as agent, to disclose what should be disclosed to appellant, the principal, " 'is as much a fraud in law as an actual affirmative false representation. [Cit.]' [Cit.]" *Sutlive v. Hackney*, 164 Ga. App. 740, 742 (297 SE2d 515) (1982). Here, however, there is no evidence appellees knew the buyers subsequently would experience financial difficulties or default on their obligations. Thus, appellees' lack of knowledge of and inability to predict the buyers' future performance also precludes appellant's claim for breach of fiduciary duty, for appellees cannot be held liable for failing to disclose what they did not know and could not have foretold. Compare *Scott v. Lumpkin*, 153 Ga. App. 17-19 (264 SE2d 514) (1980). Appellees' duty of diligence and good faith cannot be held to include an obligation to predict accurately or guaranty the future financial condition or performance of a third party. Accordingly, the trial court correctly granted summary judgment to appellees on the claim for breach of fiduciary duty.

3. To the extent that Count 3 of appellant's complaint can be

construed to state a claim for breach of a contractual obligation to investigate the buyers' financial condition and creditworthiness, appellees likewise are entitled to summary judgment on that claim. The listing contract between the parties is silent as to any such obligation on the part of appellees. This contract being complete on its face, appellant's parol evidence of additional terms is not admissible to add to or vary from the written contract. OCGA § 13-2-2 (1); see *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982). "All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony." (Citations and punctuation omitted.) *Simmons v. Wooten*, 241 Ga. 518, 519 (246 SE2d 639) (1978). Thus, appellees have pierced appellant's allegations of breach of contract.

*Judgment affirmed. Birdsong, P. J., Carley, P. J., Andrews and Johnson, JJ., concur. McMurray, P. J., Pope, Beasley and Cooper, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent as it is my view that genuine issues of material fact remain on appellant's allegations of negligent or wilful misrepresentation and breach of fiduciary duty to fully disclose material facts.

" 'The relationship of principal and agent is fiduciary in character, and imposes upon the parties the duties of exercising toward each other the utmost good faith. Civil Code, § 4030 (Code, § 37-707) [now OCGA § 23-2-58]. The law implies, as a part of the contract by which every agency arises, that the agent agrees to have an exercise, for and toward his principal, loyalty and absolute good faith. . . . (Citations omitted.) If the agent practices upon the principal any deception (whether intentional or not) whereby the principal is misled and damaged and the agent would reap any benefit, the transaction is fraudulent. . . .' *Williams v. Moore-Grant Co.*, 3 Ga. App. 756, 759 (60 S. E. 372)." *Reisman v. Massey*, 84 Ga. App. 796, 799 (1), 800 (67 SE2d 585). Further, when such a confidential relationship " 'exists, concealment when there is a duty to disclose, if resulting in injury is itself actionable fraud.' *Scott v. Lumpkin*, 153 Ga. App. 17, 19 (264 SE2d 514) (1980)." *Moore v. Harry Norman Realtors*, 199 Ga. App. 233, 235 (1) (404 SE2d 793).

In the case sub judice, Robertson advised appellant before execution of the sales contract that the buyers were acceptable credit risks for the purposes of owner-financing, but she did not then give appellant material information regarding the buyers' questionable financial condition. In this vein, Robertson testified that she was aware during the sales negotiations that the buyers owned a house in Washington D. C. and that she did not then view this as favorable financial infor-

mation, explaining that ownership of other property indicates debt which may impair the buyers' ability to obtain financing. On the other hand, appellant testified that she knew nothing about the Washington D. C. property until after the buyers purchased her home and after she became a creditor in the buyers' bankruptcy proceeding. It is my view, that this evidence supports appellant's claims that appellees breached a fiduciary duty to disclose material information regarding the buyers' financial status. I also believe that genuine issues of material fact remain on appellant's claim that appellees negligently or wilfully coerced her into selling her home to unqualified home buyers, disregarding the truth of representations that the buyers were financially stable. *Moore v. Harry Norman Realtors*, 199 Ga. App. 233, 235 (1), supra; *Reisman v. Massey*, 84 Ga. App. 796, 799 (1), supra. See *Lyle v. Etheridge*, 40 Ga. App. 808 (1) (151 SE 531).

I am authorized to state that Judge Pope and Judge Beasley join in this dissent.

DECIDED SEPTEMBER 23, 1992 —
RECONSIDERATION DENIED OCTOBER 22, 1992.

*Churchill & Ferguson, Anthony M. Thomasson*, for appellant.

*Moss, Clifford, Moss & Rothenberg, Robert A. Moss, Joel Y. Moss*, for appellees.