## A95A1158. SMITH et al. v. CITY OF LaGRANGE.
### (461 SE2d 550)

BLACKBURN, Judge.

Plaintiffs, Trubee Smith, Raymond Anderson, and William Stephens, appeal the trial court's order which granted defendant's motion for summary judgment. Plaintiffs brought the underlying action alleging the City of LaGrange (the City) violated the equal protection clauses of the United States and Georgia Constitutions, breached their employment contracts, breached its fiduciary duty, and committed negligent and fraudulent acts in the administration of its retirement benefit plan.

The City's retirement program provided that employees could continue medical and hospitalization insurance coverage on themselves and their dependents by paying the unsubsidized cost of the insurance plus two percent until the employee or their spouse was covered by Medicare. The plaintiffs' underlying action involves two early retirement incentive programs instituted by LaGrange's mayor and city council. The first incentive program allowed any employee who reached the age of 60 to 65 between July 1, 1990, through June 30, 1991, to retire during those dates and receive a contribution of $125 per month toward their post-retirement monthly health insurance premium until the employee was covered by Medicare. The second incentive program allowed any employee who reached the age of 62 to 65 between February 25, 1992, and June 30, 1992, to retire during those dates and receive free health insurance until the employee was covered by Medicare.

James Hanson, the city manager, deposed that a proposal regarding the first incentive program was made to the city council during May 1990 along with other budget-related proposals. As required by State law, the city council followed a formal adoption process and held public hearings during June. The budget was approved on June 27, 1990. The evidence is clear, however, that the inclusion of the incentive program within the budget proposal did not assure its adoption and approval; even plaintiff Anderson admitted that budget requests were speculative. Plaintiff Smith retired May 31, 1990, after the first proposal was presented but before its passage and adoption. Plaintiff Anderson retired December 31, 1990, taking advantage of the first incentive program. While plaintiff Stephens was aware of the first incentive program, he chose not to participate and retired October 1, 1991. At the time of plaintiff Stephens' retirement the second

incentive program had not been presented to the city council. There is no evidence as to when the second incentive program was conceived.

1. Plaintiffs claim that the City failed to administer the incentive programs in a manner consistent with the equal protection mandates of the United States and Georgia Constitutions. Plaintiffs contend that the City failed to inform all eligible employees of the existence of the incentive programs. To support their claims of discrimination, plaintiffs point to the fact that the City did not reduce the incentive programs to writing. However, because plaintiffs were not affected adversely by the administration of the incentive programs, they have no standing to make such a challenge.

"Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. [Cits.] He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both. [Cits.]" *South Ga. Natural Gas Co. v. Ga. Public Svc. Comm.*, 214 Ga. 174, 175 (104 SE2d 97) (1958). See also *Love v. Whirlpool Corp.*, 264 Ga. 701 (2) (449 SE2d 602) (1994). Cf. *Sneakers of Cobb County v. Cobb County*, 265 Ga. 410 (455 SE2d 834) (1995).

Because Smith retired prior to the adoption of either incentive program, the administration of the incentive programs did not affect his rights, which were determined at the time he retired. Cf. *Horton v. State Employees Retirement System*, 262 Ga. 458 (421 SE2d 703) (1992). Both Anderson and Stephens were timely made aware of the first incentive program and because they retired prior to the administration of the second incentive program, its administration did not affect their rights. Id.

2. Plaintiffs' remaining claims are dependent on the existence of a duty which would require the City to inform employees of proposals being considered by the city council or proposals that may be presented to the city council in the future. Plaintiff Smith complains that he was not told of the first incentive program prior to his retirement, and all plaintiffs contend that they were discriminated against because they were not told, prior to their retirement, that the second incentive program would be offered in the future. In support of this contention, however, plaintiffs presented no evidence that the City could predict the adoption of the first incentive program prior to its implementation or that the City had any intention of proposing the second incentive program prior to the plaintiffs' retirement dates.

Plaintiffs' attempt to establish such a duty by claiming a fiduci-

ary relationship existed between themselves and the City is not persuasive. There is no evidence that the City knew the incentive programs would be adopted by the city council and signed by the mayor. The City's lack of knowledge of and inability to predict the future conduct of the city council and the mayor precludes plaintiffs' claim for breach of any duty. "[The City] cannot be held liable for failing to disclose what they did not know and could not have foretold." *Garcia v. Unique Realty &c. Mgmt. Co.*, 205 Ga. App. 876, 878 (424 SE2d 14) (1992).

3. Plaintiffs' remaining contentions are moot.

The trial court did not err in granting the City's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 16, 1995 —
RECONSIDERATION DENIED AUGUST 24, 1995 — ▆▆▆▆▆▆▆

*Smith, Wallis & Scott, Kenneth A. Smith*, for appellants.
*Lewis, Taylor & Todd, Jeffrey M. Todd*, for appellee.