S12F1549. NEWMAN v. NEWMAN.
(732 SE2d 77)

THOMPSON, Presiding Justice.

Appellant James Newman (husband) and appellee Judy Newman (wife) were married in May 2007. Just before their wedding, they executed a 20-page type-written prenuptial agreement to which they added a handwritten provision acknowledging "that there are certain ambiguities contained [within] the body of this document which each party agrees to clarify and re-write within 30 days of the date of execution hereof." Wife filed for divorce in 2011. After a hearing, the trial court granted wife's motion to enforce the prenuptial agreement and entered a judgment of divorce incorporating its terms. We granted husband's application for discretionary appeal pursuant to Supreme Court Rule 34 (4), and for the reasons that follow, we affirm the judgment of the trial court.

Husband contends the trial court erred by enforcing the prenuptial agreement because the addition of the handwritten language left

the parties with an unenforceable "agreement to agree." *Kreimer v. Kreimer*, 274 Ga. 359 (552 SE2d 826) (2001) (contract that fails to establish essential term and leaves settling of term to be agreed upon later is unenforceable); *Bd. of Drainage Commrs. v. Karr & Moore*, 157 Ga. 284, 299 (121 SE 298) (1924) (contract that leaves terms and conditions to future negotiations is of no effect). In essence, husband argues that any agreement the parties may have had was voided by the addition of the language indicating their belief that the agreement contained ambiguities and their intent to clarify such ambiguities.

While we agree with husband that a contract to enter into a contract in the future is of no legal effect, we do not agree that the agreement in this case constitutes such a contract. First, unlike the cases husband relies upon, nothing in the language of the agreement itself demonstrates it was incomplete or tentative at the time it was executed. Compare *Bd. of Drainage Commrs.* at 299 (finding unenforceable contract declaring it was a tentative contract and final contract would be executed after changes made); *Hartrampf v. Citizens & Southern Realty Investors*, 157 Ga. App. 879, 881 (278 SE2d 750) (1981) (agreement within a contract to negotiate for a second future loan rendered contract unenforceable); *Becher v. Becher*, 706 NYS2d 619 (N.Y. Sup. Ct. 2000) (agreement that more comprehensive antenuptial agreement will be discussed and drafted by agreed to attorney unenforceable). Moreover, husband has not identified any essential term left to future negotiation.[1] Deferral of agreement on a nonessential term does not invalidate an otherwise valid contract. *Goobich v. Waters*, 283 Ga. App. 53, 56 (640 SE2d 606) (2006). See *Kreimer*, supra, 274 Ga. at 363 (2) (deferral of division of stock "by mutual agreement" at a future date did not render settlement unenforceable).

Second, the inclusion of a provision indicating the parties' belief that the agreement contains ambiguities does not render the agreement an unenforceable agreement to agree. In fact, our review demonstrates the agreement between the parties contains all essential elements of an enforceable contract. See OCGA § 13-3-1 ("To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."). The agreement was voluntarily executed after lengthy negotiations and consultation with independent counsel. It clearly

---

[1] In fact, as noted by the trial court, husband has failed at every point in the litigation to identify any ambiguity in the agreement.

and precisely identifies the parties' intent to resolve all issues in the event their marriage ended in divorce, the legal rights each waived by entering into the agreement, the property rights of each should the marriage end in divorce, and the assets belonging to each prior to the marriage. The language of the agreement itself presents no lack of certainty which would render the entire agreement unenforceable. See *Brack v. Brownlee*, 246 Ga. 818, 821 (273 SE2d 390) (1980) (contract containing vague ancillary clause does not vitiate entire contract); *Buckner v. Mallett*, 245 Ga. 245, 247 (264 SE2d 182) (1980) (although specific contract provision may be unenforceable due to vagueness, vagueness in that provision does not vitiate entire contract). The parties' belief that the contract contained "certain ambiguities" does not mean they did not intend to be bound by the essential terms to which they already agreed. See *Russell v. City of Atlanta*, 103 Ga. App. 365, 367 (119 SE2d 143) (1961) ("'To be enforceable the minds of the contracting parties must be in such agreement on the subject matter upon which the contract purports to operate' that either party might support an action thereon.' [Cit.]").

Because the language of the prenuptial agreement demonstrates the parties reached a complete agreement regarding the disposition of property in the event their marriage ended in divorce, we conclude the trial court did not err by granting wife's motion to enforce the agreement and incorporating the agreement into the final divorce decree.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Mayoue, Gray & Eittreim, Theodore S. Eittreim*, for appellant.
*Kessler, Schwarz & Solomiany, Dennis G. Collard*, for appellee.